COMMONWEALTH of Pennsylvania, Appellee

v.

Lamont HARVEY, Appellant.

Superior Court of Pennsylvania.

Submitted Aug. 1, 2011.

Filed Aug. 30, 2011.

718

———

Karl Baker, Public Defender, Philadelphia, for appellant.

Hugh J. Burns, Jr., Assistant District Attorney and Priya M. Travassos, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

BEFORE: STEVENS, P.J., SHOGAN and MUNDY, JJ.

OPINION BY STEVENS, P.J.:

This is an appeal from the judgment of sentence entered in the Court of Common Pleas of Philadelphia County following Appellant's conviction by a jury on the charges of involuntary deviate sexual intercourse, indecent assault, corrupting the morals of a minor, and endangering the welfare of a child.[1] Appellant contends that he is entitled to a new trial since the

1. 18 Pa.C.S.A. §§ 3123, 3126, 6301, and 4304, respectively.

notes of testimony from a portion of his trial are permanently unavailable and he could not create "an equivalent picture" of what transpired during trial. We affirm.

On March 12, 2007, a jury convicted Appellant of numerous offenses in connection with his sexual assault of the minor victim, S.B.I. On August 3, 2007, Appellant, who was deemed to be a sexually violent predator for Megan's Law purposes, was sentenced to an aggregate of eleven and one-half years to twenty-five years in prison. Appellant filed a timely post-sentence motion, which the trial court denied, and this timely appeal followed. On October 2, 2007, the trial court directed Appellant to file a Pa.R.A.P. 1925(b) statement, and on October 23, 2007, Appellant sought an extension of time due to the unavailability of the trial transcripts. By orders entered on October 25, 2007, the trial court granted Appellant's request for an extension of time and directed the court reporter to transcribe all notes of testimony. On September 12, 2008, the trial court filed an order directing Appellant to file a Pa.R.A.P. 1925(b) statement, and on October 3, 2008, indicating that counsel had not yet received all of the relevant notes of testimony, Appellant filed a petition for an extension of time. By Opinion filed on October 30, 2008, the trial court indicated that Appellant had received all relevant notes of testimony. However, on January 26, 2009, Appellant filed in this Court a petition seeking a remand due to the unavailability of notes from the first two days of Appellant's jury trial (March 6 and 7, 2007). By order entered on February 13, 2009, this Court granted Appellant's petition, directed the trial court to transcribe any missing notes of testimony, and direct-

ed Appellant to file a Pa.R.A.P. 1925(b) statement within twenty-one days of the receipt of all missing transcripts. On September 21, 2010, the court administrator for the lower court sent a letter to Appellant's counsel indicating that the notes of testimony from March 7, 2007, which included the end of jury selection and the beginning of trial testimony, were permanently unavailable and the court reporter had resigned.

On December 1, 2010, Appellant filed a Pa.R.A.P. 1925(b) statement asserting: "Appellant is entitled to a new trial because he cannot effectively and meaningfully exercise his right to an appeal where the transcript of the first day of trial is missing and he cannot create an equivalent picture of what transpired during his trial." [2] Additionally, on December 1, 2010, Appellant filed a Pa.R.A.P. 1923 "Statement in Absence of Transcript" indicating, in pertinent part, that Appellant's trial counsel has no recollection of the details of the case and Appellant's trial counsel's file contains no trial notations. Thus, Appellant's appellate counsel, indicating she was relying solely on the preliminary hearing transcript, asserted the following:

> At trial, defense counsel, Mr. Vincent Corrigan, represented [Appellant]. ADA William Davis represented the Commonwealth. S.B.I. was the complaining witness in this matter. At the time of the preliminary hearing, she was ten years old. [Appellant] was her brother's father. (N.T.[3] 6/3/05 at 7). They resided at 3856 Franklin Street in Philadelphia. (N.T. 10). S.B.I. testified that [Appellant] would use his penis to touch the inside of her mouth and her

---

2. To the extent Appellant filed his counseled Pa.R.A.P. 1925(b) statement in an untimely manner, we shall overlook this fact and not find waiver on this basis. *See Commonwealth v. Priest,* 18 A.3d 1235 (Pa.Super.2011).

3. "N.T." stands for the notes of testimony from the preliminary hearing held on June 3, 2005.

buttocks. (N.T. 11). This would happen in her mother's bedroom while her mother was at work. (N.T. 12).

On cross-examination, S.B.I. stated that at the time of the first assault her younger sister was present in their shared bedroom. (N.T. 18). S.B.I. stated that [Appellant] called her into her mother's bedroom prior to the assault (N.T. 18) and told her that 'my mom can't teach me how to do this, and that other stuff.' (N.T. 18). He unzipped his pants and put his penis in her mouth. (N.T. 20).

The Commonwealth's objection was sustained when defense counsel attempted to question S.B.I. regarding the specifics of this alleged assault. *See* N.T. 21. S.B.I. indicated that this type of assault happened at least ten times. However, the fifth time he put his penis in her buttocks (N.T. 23–24). S.B.I. did not recall when this occurred or what time of day it occurred. She recalled that he told her to get down and pull down her pants. (N.T. 24). This alleged assault occurred an additional time, later on, although S.B.I. did not testify as to when.

The Commonwealth's objection was sustained when defense counsel attempted to question S.B.I. regarding what she did after each of these events (N.T. 27).

Appellant's Pa.R.A.P. 1923 Statement in Absence of Transcript filed 12/1/10 at 2–3 (footnote in original) (footnote omitted).

The Commonwealth filed a response to Appellant's proposed Pa.R.A.P. 1923 statement indicating, in relevant part, the following:

[Appellant's] proposed statement concerns the first day of trial, but appears to be based on the notes of the preliminary hearing. It does not follow, however, that any particular aspect of the examination of the victim during the first day of trial was identical, or even similar, to the examination of the victim at the preliminary hearing. The Commonwealth therefore submits two objections to the proposed statement as follows.

First, [Appellant] alleges that during cross-examination on the first day of trial this court sustained an objection by the Commonwealth 'when defense counsel attempted to question [the victim] regarding the specifics of [the] alleged assault.' Trial counsel for the Commonwealth does not recall such an event during the first day of trial. Further, [Appellant] fails to state the nature of, or basis for, the alleged objection, the court's reason for allegedly sustaining it, or whether the facts [Appellant] sought to elicit were established by other testimony. For these reasons, the Commonwealth objects to the allegation.

Second, [Appellant] alleges that this court on the first day of trial sustained an objection by the Commonwealth 'when defense counsel attempted to question [the victim] regarding what she did after each [sexual assault].' Again, trial counsel for the Commonwealth does not recall such an event during the first day of trial. Also, and once again, [Appellant] fails to state the nature of, or basis for, the alleged objection, the court's reason for allegedly sustaining it, or whether the facts [Appellant] sought to elicit were established by other testimony. For these reasons, the Commonwealth objects to this allegation as well.

This Court may of course have its own recollection of the events at issue, which the court is entitled to consider in resolving this matter. *See* Pa.R.A.P. 1923 (proposed statement and objections subject to the 'settlement and approval' of the trial court).

Commonwealth's Response to Appellant's Pa.R.A.P. 1923 Statement in Absence of Transcript filed 12/10/10 at 1–2.

By order entered on February 17, 2011, the trial court specifically indicated it had received Appellant's proposed Statement in Absence of Transcript and was incorporating it into the record. Trial Court's Order filed 2/17/11. Additionally, on that same date, the trial court filed a responsive Pa.R.A.P. 1925(a) opinion indicating, *inter alia*, that it was accepting Appellant's Statement in Absence of Transcript and found no merit to Appellant's contention he is entitled to a new trial based on the missing transcript.

■ As indicated *supra*, the sole issue presented by Appellant is that he is entitled to a new trial since the notes of testimony from a portion of his trial are permanently unavailable and he could not create "an equivalent picture" of what transpired during trial. We find no relief is due.

The burden of obtaining transcripts from the proceedings falls squarely on the appellant. Pa.R.A.P. 1911(a). When the unusual situation arises where there is no transcript for a particular day available, Pennsylvania Rule of Appellate Procedure 1923 provides:

> If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including his recollection. The statement shall be served on the appellee, who may serve objections or propose amendments thereto within ten days after service. Thereupon the statement and any objections or proposed amendments shall be submitted to the lower court for settlement and approval and as settled and approved shall be included by the clerk of the lower court in the record on appeal.

Pa.R.A.P. 1923. *See Commonwealth v. McCardle*, 446 Pa.Super. 564, 667 A.2d 751, 752 (1995) (holding where notes of testimony cannot be located or do not exist, it is incumbent upon the defendant to file a statement in the absence of a transcript).

Herein, Appellant submitted a statement in absence of transcript pursuant to Pa. R.A.P. 1923; however, Appellant contends on appeal the statement is insufficient and is not an adequate substitute for the missing transcript since trial counsel's recollection of events was vague and he took no trial notes. Appellate counsel admits that her review in preparing the statement in absence of transcript was limited to the case file, which consisted of correspondence with appellant, the available discovery, and the preliminary hearing notes of testimony. *See* Appellant's Brief at 10–11.

■ Where meaningful review is impossible and appellant is free from fault, a new trial may be granted. *Commonwealth v. Burrows*, 379 Pa.Super. 548, 550 A.2d 787 (1988). "Meaningful review does not require, *per se*, a complete trial transcript." *Id.* at 789. *See Commonwealth v. Lesko*, 609 Pa. 128, 15 A.3d 345, 410–11 (2011) ("[T]he absence of notes does not generate some instantaneous, meritorious claim for relief."). Rather, the court may provide either a complete trial transcript or an equivalent thereof. *Burrows, supra.* "Rule 1923 does not contemplate that appellate counsel must single-handedly reconstruct the record." *Burrows*, 550 A.2d at 789. The theory that underlies Rule 1923 is that a verbatim transcript of proceedings is not necessarily a condition precedent to meaningful appellate review, so long as the appellate court has an "equivalent picture" of what happened at trial. *Commonwealth v. Anderson*, 441 Pa. 483, 272 A.2d 877 (1971). Further, no

relief is due because counsel on appeal was not counsel at trial. *Burrows, supra* (the rules of appellate procedure do not require appellate counsel to have first-hand direct knowledge of what transpired at trial to prepare statement of evidence). Rather, appellate counsel is required to prepare a statement of the missing evidence from the best available means. *See id.*

█ In the case *sub judice,* appellate counsel concedes she limited her attempt to recreate an account of trial to discussions with trial counsel and a review of the case file. That is, there is no evidence she attempted to consult with the district attorney's office, the trial judge, or Appellant. However, the information necessary to prepare a statement in absence of transcript can come from any of the parties who were present, including the trial judge, witnesses, the trial prosecutor, defendant's trial attorney, and defendant. *Burrows, supra.*

In urging this Court to find Appellant had created an equivalent picture permitting meaningful review, or in the alternative, Appellant was at fault in failing to create an adequate statement in absence of transcript, the trial court stated, in relevant part, as follows:

> [Appellant's] sole claim in his Final 1925(b) Statement of Matters Complained of on Appeal is that he cannot effectively and meaningfully exercise his right to an appeal because a portion of the transcript to his trial is missing. [Appellant] was able to create an equivalent picture as to what happened during the part of the trial for which the transcript is unavailable. Additionally, [Appellant] did not use the 'best available means' in order to reconstruct the record and therefore cannot now claim that

his own Statement in Absence of Transcript does not allow him to exercise a meaningful right to appeal. His claims fails and he is not entitled to relief.

\* \* \*

> Unlike cases where transcripts for an entire trial are unavailable, [Appellant] has access to the Notes of Testimony for a majority of his trial. The only transcripts that are unavailable are those for jury selection, opening statements, and about two hours of testimony. The remainder of the trial, as well as sentencing, has been transcribed and has been available to [Appellant] since shortly after his trial. There is no need to evaluate whether [Appellant] can create an 'equivalent picture' of his entire trial; rather, the question only applies to a small part of [Appellant's] trial.[4]

> [Appellant] claims that due to the trial transcript's unavailability [in part], he is unable to create an equivalent picture of what transpired during trial. [Appellant] has access to the preliminary hearing notes for this case, and in fact, cited those Notes in his Statement in Absence of the Record.

\* \* \*

> [Appellant's] ability to prepare a Statement in Absence of Transcript belies his assertion that he is unable to exercise a meaningful right to appeal; he was, through the preliminary hearing notes, able to summarize the victim's testimony.... [Appellant] is entitled to an equivalent picture of what occurred at trial. Through the work of his attorney, he was able to create this for the portion of his trial for which transcripts are unavailable.

\* \* \*

---

4. This Court took extensive handwritten notes about [Appellant's] trial; those notes were

and are available for [Appellant's] or the Commonwealth's review....

To the extent that [Appellant] was unable to create an equivalent picture, it is because he failed to use the best available means to recreate the record, as required by Pa.R.A.P. 1923. Methods for doing so could have included consulting with [Appellant] himself and use of this Court's own detailed trial notes.

It is likely that [Appellant] himself remembers his own trial. In requiring appellants to use the best available means in reconstructing the record, Pa. R.A.P. [1923] specifically mentions that the appellant should use his own recollection. *Commonwealth v. Burrows,* [379 Pa.Super. 548] 550 A.2d 787 (appellant's effort to reconstruct record should have included a consultation with the defendant himself). It is understandable that [Appellant's] trial attorney does not remember the details of one case that occurred almost four years ago; the attorney has most likely tried dozens of cases, if not more, since then. However, [Appellant] himself has not. His trial likely stands out in his mind. Whether or not [Appellant] remembers every detail of S.[B.]I.'s testimony, it is likely that he remembers some of what occurred.

Furthermore, as noted above, this Court takes extensive handwritten notes during trials and has historically made those notes available to parties in [Appellant's] situation. Whether this is what Rule 1923 contemplated, notes that outline a witness' testimony in a detailed fashion certainly constitute an excellent resource for a party who must use the best available means to reconstruct a record. As noted above, this Court is of the opinion that to include these notes *sua sponte* would be a violation of Rule 1923.

While [Appellant] does appear to have made some effort to create an equivalent picture of what transpired at trial, he does not appear to have utilized the 'best available means' when preparing his Statement in Absence of Transcript. Because [Appellant] has not done this, he should not now benefit from a new trial based on his claim that he cannot meaningfully exercise his right to appeal.

Trial Court Opinion filed 2/17/11 at 2–5 (footnote in original) (citation omitted).

We find no abuse of discretion in this regard and conclude Appellant is not entitled to a new trial on this basis.

Affirmed.