J-S02014-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LAMONT HARVEY | |
| Appellant | No. 3230 EDA 2013 |

Appeal from the PCRA Order November 15, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0605771-2005

BEFORE: MUNDY, J., OLSON, J., and WECHT, J.

MEMORANDUM BY MUNDY, J.:                    **FILED MARCH 10, 2015**

Appellant, Lamont Harvey, appeals from the November 15, 2013 order dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. After careful review, we affirm.

The PCRA court has summarized the relevant procedural history of this case as follows.

> On March 12, 2007, [Appellant] was found guilty by a jury of [i]nvoluntary [d]eviate [s]exual [i]ntercourse, [i]ndecent [a]ssault of a person under 13, [c]orrupting the [m]orals of a [m]inor, and [e]ndangering the [w]elfare of [c]hildren.[1] [Appellant] was sentenced on August 3, 2007 to nine and one half to twenty years' imprisonment for [i]nvoluntary [s]exual [i]ntercourse, one and one

---

[1] 18 Pa.C.S.A. §§ 3123(a)(1), 3126(a)(7), 6301(a), and 4304(a), respectively.

half to three years' imprisonment for [i]ndecent [a]ssault and for [c]orrupting the [m]orals of a [m]inor, and two to five years' imprisonment for [e]ndangering the [w]elfare of [c]hildren. The sentences were imposed to run concurrently except for the sentence for [e]ndangering the [w]elfare of [c]hildren, which was imposed to run consecutively to the other sentences. Additionally, [Appellant] was found to be a sexually violent predator for the purposes of Megan's Law.[2]

[Appellant] filed a timely [n]otice of [a]ppeal; th[e trial c]ourt issued an [o]pinion on October 30, 2008, indicating that [Appellant] had waived all claims on appeal due to his failure to file a [Pennsylvania Rule of Appellate Procedure] 1925(b) [s]tatement of [m]atters [c]omplained of on [a]ppeal. At that time, [n]otes of [t]estimony were incomplete for two days of [Appellant's] trial, March 6 and 7 of 2007; the record for the rest of the trial and sentencing were available. …

The Superior Court remanded the case for completion of the [n]otes of [t]estimony, a [f]inal [s]tatement of [m]atters [c]omplained of on [a]ppeal, and a [s]upplemental [trial court o]pinion. At some point before she transcribed the [n]otes of [t]estimony from March 6 and 7[, 2007], the court reporter assigned to the case resigned. The Court Reporters Administration sent a letter to [Appellant's] attorneys on September 21, 2010, indicating that the [n]otes of [t]estimony for those two days were permanently unavailable.

On August 30, 2011, the Superior Court affirmed [Appellant's] conviction ….[3] The

_____

[2] Former 42 Pa.C.S.A. §§ 9791-9799.41.

[3] **Commonwealth v. Harvey**, 32 A.3d 717 (Pa. Super. 2011), *appeal denied*, 37. A.3d 1194 (Pa. 2012).

Pennsylvania Supreme Court denied allocator on January 5, 2012.

PCRA Court Opinion, 4/25/14, at 1-2.  On March 19, 2012, Appellant filed a timely *pro se* PCRA petition.  Counsel was appointed for Appellant, and counsel filed an amended PCRA petition on February 28, 2013.  On August 23, 2013, the PCRA court issued its notice to dismiss Appellant's petition without an evidentiary hearing pursuant to Pennsylvania Rule of Criminal Procedure 907.  Appellant did not file a response.  The PCRA court dismissed Appellant's PCRA petition on September 27, 2013.   Thereafter, on October 8, 2013, the PCRA court vacated its September 27, 2013 order and granted Appellant an additional 20 days to file a response to the PCRA court's Rule 907 notice.  Trial Court Order, 10/8/13.  Appellant did not file a response to the PCRA court's Rule 907 notice, and the PCRA court dismissed Appellant's PCRA petition on November 15, 2013.  On November 20, 2013, Appellant filed a timely notice of appeal.[4]

On appeal, Appellant raises the following issues for our review.

> I.  Whether the [PCRA court] was in error in denying … Appellant's PCRA petition without an evidentiary hearing on the issues raised in the amended PCRA petition regarding trial counsel's ineffectiveness[?]

---

[4] The trial court did not order Appellant to file a Rule 1925(b) statement of errors complained of on appeal.  On April 25, 2014, the trial court authored an opinion based on the claims Appellant raises in his amended PCRA petition.  **See** PCRA Court Opinion, 4/25/14, at 1-6.

II.    Whether the [PCRA court] was in error in not granting relief on the PCRA petition alleging counsel was ineffective[?]

Appellant's Brief at 8 (footnote omitted).

When reviewing PCRA matters, we are mindful of the following principles.

> We consider the record in the light most favorable to the prevailing party at the PCRA level.  This review is limited to the evidence of record and the factual findings of the PCRA court.    We afford great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record.  Accordingly, as long as a PCRA court's ruling is free of legal error and is supported by record evidence, we will not disturb its ruling.  Nonetheless, where the issue pertains to a question of law, our standard of review is *de novo* and our scope of review is plenary.

***Commonwealth v. Pander***, 100 A.3d 626, 630 (Pa. Super. 2014) (*en banc*) (internal quotation marks and citation omitted).  Further, in order to be eligible for PCRA relief, a petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence arose from one or more of the errors listed at Section 9543(a)(2) of the PCRA.  42 Pa.C.S.A. § 9543(a)(2).  One such error, which provides a potential avenue for relief, is ineffective assistance of counsel.  ***Id.*** § 9543(a)(2)(ii).  The issues raised must be neither previously litigated nor waived.  ***Id.*** § 9543(a)(3).

Additionally, with regard to evidentiary hearings at the post-conviction stage of proceedings, we observe the following.

> [T]he right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

*Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014) (citation omitted). "We stress that an evidentiary hearing is not meant to function as a fishing expedition for any possible evidence that may support some speculative claim of ineffectiveness." *Commonwealth v. Roney*, 79 A.3d 595, 604-605 (Pa. 2013) (internal quotation marks and citation omitted). "The controlling factor … is the status of the substantive assertions in the petition. Thus, as to ineffectiveness claims in particular, if the record reflects that the underlying issue is of no arguable merit or no prejudice resulted, no evidentiary hearing is required." *Commonwealth v. Baumhammers*, 92 A.3d 708, 726-727 (Pa. 2014). This Court reviews the decision to dismiss a PCRA petition without conducting an evidentiary hearing for an abuse of discretion. *Miller*, *supra*.

We now turn our review to Appellant's claims of ineffectiveness, for if we determine that Appellant's claims are without arguable merit or Appellant has not established prejudice as a result of counsel's action or inaction, the

PCRA court was not required to hold an evidentiary hearing. *See Baumhammers*, *supra*.

Appellant argues the PCRA court erred in not granting him relief based on his claims of ineffective assistance of counsel. *Id.* at 16-27. "In order to obtain relief on a claim of ineffectiveness, a PCRA petitioner must satisfy the performance and prejudice test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984)." *Commonwealth v. Reid*, 99 A.3d 427, 436 (Pa. Super. 2014)*.* In Pennsylvania, adherence to the *Strickland* test requires a PCRA petitioner to establish three prongs. *Id.* Specifically, the petitioner must demonstrate "(1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error[.]" *Id.* With regard to the third prong, "prejudice [is] measured by whether there is a reasonable probability that the result of the proceeding would be different." *Id.* Moreover, we presume counsel has rendered effective assistance. *Commonwealth v. Rivera*, --- A.3d ---, 2014 WL 7404541, at *5 (Pa. Super. 2014)-. "[I]f a claim fails under any required element of the *Strickland* test, the court may dismiss the claim on that basis." *Commonwealth v. Bomar*, 104 A.3d 1179, 1188 (Pa. 2014). "Additionally, counsel cannot be deemed ineffective for failure to raise a meritless claim." *Rivera*, *supra*. (citation omitted).

In Appellant's first claim of ineffectiveness he argues, "[c]ounsel was ineffective for failing to file a post[-]verdict motion that the verdict was against the weight of the evidence."[5] Appellant's Brief at 17. In support of this position, Appellant argues "[t]he evidence was contradictory and inconsistent throughout the trial." *Id.* Specifically, Appellant advances that the victim's testimony was inconsistent with the testimony of his estranged wife regarding where Appellant was residing when the abuse began. *Id.* Despite Appellant's acknowledgement in his argument that the victim testified about the criminal acts that occurred, he nonetheless concludes, "[t]here was no evidence to support the fact that these offenses actually took place."[6] *Id.* at 17-18. The PCRA court explained its determination that this claim did not establish a right to relief as follows.

_____

[5] The arguments Appellant advances to support his claim of ineffective assistance of counsel in his appellate brief are identical to those in his memorandum of law in support of his amended petition. *See* Appellant's Brief at 17-27; Appellant's Memorandum of Law in Support of Amended Petition, 2/28/13 at 10-19. Though we examine the issues as set forth in Appellant's petition, because Appellant's arguments on appeal are identical, we will refrain from superfluous citations and cite only to Appellant's brief.

[6] Appellant's single assertion that there was no evidence of the offenses is directly in conflict with his claim that the verdict is against the weight of the evidence, as "[a] true weight of the evidence challenge concedes that sufficient evidence exists to sustain the verdict but questions which evidence is to be believed." *Commonwealth v. Thompson*, --- A.3d ---, 2014 WL 6948150, at *10 (Pa. Super. 2014) (citation omitted). We discern, notwithstanding his assertion that there is no evidence of guilt, Appellant's challenge is truly to the weight of the evidence because he acknowledges

*(Footnote Continued Next Page)*

> In dismissing [Appellant's] petition, th[e PCRA c]ourt agreed with the Commonwealth that the mere identification of a conflict between the Commonwealth's evidence and the defendant's is not itself a basis for reversing a conviction. This is because the jury heard those conflicting pieces of testimony, and, having been properly charged on the law, decided to believe one witness over another.

PCRA Court Opinion, 4/25/14, at 3. We conclude Appellant has failed to establish that this issue is of arguable merit. *See Reid*, *supra*.

In challenging the weight of the evidence resulting in conviction, a defendant "seeks a new trial on the ground that the evidence was so one-sided or so weighted in favor of acquittal that a guilty verdict shocks one's sense of justice." *Commonwealth v. Lyons*, 79 A.3d 1053, 1067 (Pa. Super. 2013), *cert. denied*, *Lyons v. Pennsylvania*, 134 S.Ct. 1792 (2014). Significantly, "[a] new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion." *Commonwealth v. Orie*, 88 A.3d 983, 1016 (Pa. Super. 2014) (citation omitted), *appeal denied*, 99 A.3d 925 (Pa. 2014).

At trial, the victim testified that Appellant performed sexual acts on her four or five times and forced her to perform sexual acts on him. N.T., 3/8/07, at 6-7, 19. Her mother also testified, for the Commonwealth, that

*(Footnote Continued)* ⸺⸺⸺⸺⸺⸺

the incriminating testimony proffered at trial yet asks this Court to discredit it in light of the testimony of other witnesses. *See* Appellant's Brief at 17.

Appellant, with whom she was having a romantic relationship, began staying in her home in August of 2003. *Id.* at 48. In September of 2003, Appellant and the victim's mother had a son together. *Id.* Appellant would care for the victim and her siblings while her mother was at work. *Id.* at 50-51. In July 2004, Appellant moved out of the house where the victim lived, but he would continue to come to the house often because both his son and brother lived there. *Id.* at 78-79. Further, Appellant's estranged wife testified on Appellant's behalf that Appellant lived with her from August 9, 2003 until October 2003. *Id.* at 137. However, she also admitted that during that time, Appellant would spend a significant amount of time outside of her presence. *Id.* at 139.

The mere conflict in testimony regarding where Appellant resided for a short period of the relevant time-frame, does not constitute evidence that is so one-sided or weighted in favor of acquittal as to shock one's sense of justice. *See Orie*, *supra*; *Lyons*, *supra*. Notably, none of the testimony proffered by Appellant's estranged wife rebuts the testimony of the victim or her mother as to the commission of the offenses. *See* N.T., 3/8/07, at 135-140. She merely testified that Appellant resided with her from August until October of 2003. *Id.* at 137. Accordingly, the PCRA court did not abuse its discretion in declining to hold an evidentiary hearing because the record reflects this claim is meritless. *See Miller*, *supra*; *Baumhammers*, *supra*.

Likewise, counsel was not ineffective for declining to raise this meritless claim, and Appellant is not entitled to relief. ***See Rivera***, ***supra***.

Appellant next asserts, "[t]rial [c]ounsel was ineffective for failing to file a written motion for Rule 600[.]" Appellant's Brief at 20. We have summarized the time requirements pursuant to Pennsylvania Rule of Criminal Procedure 600 as follows.

> As provided by Rule 600, the trial must commence by the mechanical run date, which is calculated by adding 365 days to the date on which the criminal complaint was filed. The mechanical run date can be adjusted by adding any "excludable" time when the delay was caused by the defendant under Rule 600(C). If the trial begins before the adjusted run date, there is no violation and no need for further analysis.

***Commonwealth v. Tickel***, 2 A.3d 1229, 1234 (Pa. Super. 2010) (citation omitted), *appeal denied*, 23 A.3d 541 (Pa. 2011).

Appellant challenges the Commonwealth's compliance with Rule 600 and counsel's effectiveness in the following manner.

> Here[,] the complaint was filed on May 25, 2005[,] and the mechanical run date was May 25, 2006. After numerous continuances, Appellant's adjusted run date was November 15, 2006. Trial was not held until March 6, 2007.
>
> The Commonwealth did not act with due diligence, as it is required to, in ensuring that Appellant's trial would commence no later than 365 days from when the complaint was filed.
>
> …

- 10 -

> Counsel's failure to raise this issue is ineffective assistance of counsel.
>
> Secondly, there was no "reasonable basis" for counsel not to raise this issue.
>
> Finally, [] Appellant suffered actual prejudice as a result of counsel's failure to raise this issue[]. As a result of counsel's failure, Appellant had to proceed to trial and the issue could not be argued on appeal.

Appellant's Brief at 20, 22.

The PCRA court found this claim to be "underdeveloped and meritless."

PCRA Court Opinion, 4/25/14, at 4.

> [Appellant] concludes, without any explanation of how he arrived at this conclusion, that the adjusted run date for this case was November 15, 2006. Th[e PCRA c]ourt is unable to reverse-engineer the process [Appellant] used to conclude that this was the adjusted run date.
>
> In its [m]otion to [d]ismiss, [t]he Commonwealth provided th[e PCRA c]ourt with detailed calculations of excludable and excusable time, based on the court record, which this [c]ourt accepted. The Commonwealth found 336 days of either excludable or excusable time, resulting in an adjusted run date of May 5, 2007. As [Appellant's] trial began on March 6, 2007, a Rule 600(g) [m]otion would have been denied. The speedy trial issue, therefore, was not of arguable merit and could not be the basis of PCRA relief.

*Id.* at 4-5. We agree with the PCRA court that Appellant has failed to develop his claim.

- 11 -

Pennsylvania Rule of Criminal Procedure 902 governs the content of petitions for post-conviction collateral relief, and provides, in part, the following.

**Rule 902.  Content of Petition for Post-Conviction Collateral Relief; Request for Discovery**

(A) A petition for post-conviction collateral relief shall bear the caption, number, and court term of the case or cases in which relief is requested and shall contain substantially the following information:

…

(11) the grounds for the relief requested;

(12) the facts supporting each ground that:

(a) appear in the record, and the place in the record where they appear; and

(b) do not appear in the record, and an identification of any affidavits, documents, and other evidence showing such facts;

…

Pa.R.Crim.P. 902(A)(11)-(12).

As noted, Appellant merely recounts when the criminal complaint was filed and flatly asserts that Rule 600 required the Commonwealth to try Appellant on or before November 15, 2006.  Appellant's Brief at 20. Appellant completely fails to advance any facts in support of his assertion that the commencement of his trial violated the time requirements of Rule 600 by providing any explanation as to the nature of each continuance, *i.e.*,

whether the continuances amounted to excludable or excusable time under Rule 600. Further, Appellant fails to challenge the Commonwealth's detailed computation of the excludable and excusable time, pursuant to Rule 600, included in the Commonwealth's motion to dismiss Appellant's amended PCRA petition. He similarly fails to explain how the Commonwealth did not act with due diligence in bringing him to trial. "[I]t is a well settled principle of appellate jurisprudence that **undeveloped claims** are waived and unreviewable on appeal." *Commonwealth v. McDermitt*, 66 A.3d 810, 814 (Pa. Super. 2013) (emphasis added) (citation omitted). Because Appellant failed to provide a sufficient factual basis in his petition pursuant to Rule 902(A)(12) and failed to otherwise develop this claim, we conclude Appellant has waived this issue on appeal. *See McDermitt*, *supra*.

Finally, Appellant argues, "[a]ppellate counsel was ineffective for failing to raise issues for appeal[.]" Appellant's Brief at 23. Specifically, Appellant contends appellate counsel was ineffective for "fail[ing] to argue there was insufficient evidence to establish that Appellant met the statutory definition of a 'sexually violent predator'" and "fail[ing] to argue the denial of a mistrial based on the prosecutor's closing arguments[.]" *Id.* at 23, 26. Appellant has not established a right to relief.

As discussed above, an appellant seeking relief under the PCRA must demonstrate "(1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) the petitioner

suffered prejudice as a result of counsel's error[.]" ***Reid***, ***supra***. Although Appellant baldly advances that the issues appellate counsel did not pursue "had merit," he does not provide any discussion as to whether there was a reasonable basis for appellate counsel's actions nor does he develop any argument that he was prejudiced by appellate counsel's actions. ***See*** Appellant's Brief at 23-27. Therefore, Appellant has failed to demonstrate even a *prima facie* showing that appellate counsel was ineffective such that the presumption of counsel's effectiveness could be overcome. ***See Rivera***, ***supra***. As Appellant completely failed to include substantive assertions regarding the reasonable basis and prejudice prongs with regard to appellate counsel's stewardship, the PCRA court was not required to hold an evidentiary hearing on these claims nor has Appellant established a right to relief. ***See Baumhammers***, ***supra***; ***Reid***, ***supra***.

Based on the foregoing, we conclude the PCRA court's decision to dismiss Appellant's PCRA petition without an evidentiary hearing is free of legal error and is supported by record evidence. ***See Pander***, ***supra.*** Accordingly, the November 15, 2013 order is affirmed.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/10/2015