J. S23043/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :    IN THE SUPERIOR COURT OF
                                          :           PENNSYLVANIA
                  v.             :
                                       :
JUAN RODRIGUEZ,             :        No. 904 EDA 2019
                                       :
             Appellant    :


Appeal from the Judgment of Sentence Entered May 25, 2017,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0009516-2015


BEFORE:  NICHOLS, J., McCAFFERY, J., AND FORD ELLIOTT, P.J.E.


MEMORANDUM BY FORD ELLIOTT, P.J.E.:        Filed: July 30, 2020

Juan Rodriquez appeals ***nunc pro tunc*** from the May 25, 2017 judgment of sentence entered in the Court of Common Pleas of Philadelphia, following a bench trial where appellant was convicted of persons not to possess firearms, criminal conspiracy (possession with intent to deliver), possessing instruments of crime, possession with intent to deliver a controlled substance, and possession of a controlled substance.[1]  Appellant received an aggregate sentence of six to twelve years' incarceration.  After careful review we dismiss this appeal.

---

[1] 18 Pa.C.S.A. §§ 6105(a)(1), 903, 907, and 35 P.S. §§ 780-113(a)(30), and 35 P.S. § 780-113(a)(16), respectively.

As gleaned from the sentencing transcript[2] and the briefs of the parties, between August 11 and August 13, 2015, police observed appellant participate in the sale of illegal drugs to a confidential informant at the property located at 3825 Jasper Street in Philadelphia. (Notes of testimony, 5/25/17 at 9-10; appellant's brief[3] at 6-7; Commonwealth's brief at 2-3.) Appellant was also seen going "in and out of" the residence after the sales were made. (Notes of testimony, 5/25/17 at 10; appellant's brief at 7; Commonwealth's brief at 3.) Upon executing a search warrant for the house, police recovered illegal narcotics and a loaded firearm. (Notes of testimony, 5/25/17 at 10-11; appellant's brief at 7; Commonwealth's brief at 3.)

On February 6, 2017, appellant was convicted of the above charges, and on May 25, 2017, sentence was imposed. Appellant timely appealed. On July 17, 2017, the trial court ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely complied. A Rule 1925(a) opinion was not filed, as the original trial judge was no longer a sitting judge. On July 19, 2018, this court dismissed the appeal due to appellant's failure to file a brief. *See Commonwealth v. Rodriguez*, No. 3795 EDA 2017.

---

[2] No trial transcript has been filed in this case.

[3] The pages in appellant's brief are unnumbered and out of sequence. We refer to page numbers as if they had been numbered and in the proper sequence.

On August 22, 2018, appellant filed a Post-Conviction Relief Act ("PCRA") petition,[4] asserting appellate counsel's failure to file an appellate brief. On February 26, 2019, the PCRA court reinstated appellant's appeal rights *nunc pro tunc*. Appellant timely appealed. He then filed a Rule 1925(b) statement.[5] On June 26, 2019, the trial court notified this court that it would not be filing a Rule 1925(a) opinion, as it had not been able to obtain the trial transcript.[6]

On June 21, 2019, the trial court ordered the court reporter to file and submit the transcript of appellant's bench trial to this court. If the notes of testimony were unavailable, the court reporter was ordered to file an affidavit stating that the notes were lost. The record does not reflect that the court reporter complied with this order.

On October 4, 2019, this court ordered appellant to prepare a statement of evidence and proceedings pursuant to Pa.R.A.P. 1923 within 60 days. Appellant has not complied with this court's order.

---

[4] 42 Pa.C.S.A. §§ 9541-9546.

[5] The record does not reflect if or when appellant was ordered to file a Rule 1925(b) statement.

[6] We note that only the transcripts from the May 25, 2017 sentencing hearing and the June 6, 2016 hearing on appellant's pre-trial motion to quash have been filed. Appellant has not raised any issues relating to either proceeding.

Appellant raises the following issues on appeal:

> I. DID THE TRIAL COURT ERR WHEN IT DETERMINED THAT THE COMMONWEALTH MET ITS BURDEN OF PROOF BEYOND A REASONABLE DOUBT THAT APPELLANT POSSESSED A FIREARM THAT WAS LOCATED INSIDE A HOME, THAT WAS NOT HIS RESIDENCE, ON TOP OF A CHINA CABINET, WRAPPED IN A SHIRT, WHEN IT WAS STIPULATED TO BY THE COMMONWEALTH THAT APPELLANT HIMSELF NEVER WENT IN THE HOUSE THAT DAY?
>
> II. DID THE TRIAL COURT ERR WHEN IT DETERMINED THAT THE COMMONWEALTH MET IS BURDEN OF PROOF BEYOND A REASONABLE DOUBT THAT APPELLANT POSSESSED THAT [] FIREARM AS AN INSTRUMENT OF CRIME?

Appellant's brief at 5.

The issues raised by appellant address the sufficiency and/or weight of the evidence.[7] Appellant has the duty of supplying this court with a record which is sufficient to permit a meaningful appellate review. *See* *Commonwealth v. Steward*, 775 A.2d 819, 835 (Pa.Super. 2001) (citation omitted), *appeal denied*, 792 A.2d 1253 (Pa. 2001). "The burden of obtaining transcripts from the proceedings falls squarely on the appellant." *See Commonwealth v. Harvey*, 32 A.3d 717 (Pa.Super. 2011), citing to Pa.R.A.P. 1911(a), *appeal denied*, 37 A.3d 1194 (Pa. 2012).

---

[7] In appellant's brief, he cites to the scope and standard of review as to both sufficiency and weight of the evidence.

Where a transcript of trial proceedings cannot be created, Pa.R.A.P. 1923 provides:

> If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including his recollection. The statement shall be served on the appellee, who may serve objections or propose amendments thereto within ten days after service. Thereupon the statement and any objections or proposed amendments shall be submitted to the lower court for settlement and approval and as settled and approved shall be included by the clerk of the lower court in the record on appeal.

Pa.R.A.P. 1923. "[F]ailure to ensure that the record provides sufficient information to conduct a meaningful review constitutes a waiver of the issue[s] sought to be reviewed." *Commonwealth v. Lopez*, 57 A.3d 74, 82 (Pa.Super. 2012) (citation omitted), *appeal denied*, 62 A.3d 379 (Pa. 2013).

Here, at footnote 1 of his brief, appellant asserts as follows:

> [i]t should be noted that the notes of testimony from the non-jury trial do not exist. Counsel was ordered by this Honorable Court to recreate the record for this appeal. This was done so by reviewing discovery, notes from the preliminary hearing, interviews with [a]ppellant and prior counsel.

Appellant's brief at 6 n.1. However, this is not reflected in appellant's brief. Further, we note that the certified record does not reflect any attempt by appellant to prepare a statement pursuant to Pa.R.A.P. 1923. Thus, we have nothing by which we may evaluate appellant's claims. We, therefore, decline

to review appellant's issues with an incomplete record and consider them to be waived. **See Commonwealth v. Reed**, 971 A.2d 1216, 1219 (Pa. 2009).

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/30/20