J-S16023-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL MOORE | : | |
| | : | |
| Appellant | : | No. 1554 EDA 2019 |

Appeal from the Judgment of Sentence Entered December 18, 2015
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0015248-2013

BEFORE:   BENDER, P.J.E., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY McLAUGHLIN, J.:          **FILED OCTOBER 12, 2021**

Michael Moore entered a plea of *nolo contendere* to Corruption of Minors and Indecent Assault of a Person Less than 13 Years of Age.[1] The notes of testimony from the plea proceeding are missing, and the trial court filed a Statement in Absence of Transcript, pursuant to Pa.R.A.P. 1923. Moore argues that he is entitled to appellate relief because meaningful appellate review is "impossible" without his plea transcript. Moore's Br. at 7. We affirm.

The court set forth the facts of this case as follows, in its Statement in Absence of Transcript.

> 1. On June 15, 2015, [Moore] entered into a negotiated *nolo contendere* plea to the following charges: Corruption of Minors, 18 Pa.C.S. § 6301, graded as a felony of the third degree, and Indecent Assault of a Person Less than 13 Years

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 6301 and 3126(a)(7), respectively.

of Age, 18 Pa.C.S. § 3126, also graded as a felony of the third degree. The remaining charges were nolle prossed. After accepting the plea, [Moore] was adjudged guilty. Sentencing was deferred for a Megan's Law Assessment to be completed.

2. [Moore] executed a four-page No Contest Plea Colloquy along with a one-page Colloquy for Plea of Nolo Contendere dated June 15, 2015. (Exhibit "A")

3. The [c]ourt completed a Trial Disposition and Dismissal Form dated June 15, 2015. (Exhibit "B").

4. The notes of testimony from the January 15, 2015 *nolo contendere* plea colloquy are unavailable and will not become available.[1]

> [1] The available notes of testimony from June 15, 2015 are pertinent to [Moore]'s other two cases: CP-51-CR-0014634-2013 and CP-51-CR-0014635-2013.

5. On December 18, 2015, [Moore] was sentenced to one and a half to three years of state incarceration on the charge of Corruption of Minors. [Moore] was sentenced to seven (7) years of probation on the Indecent Assault charge, to be served consecutive to his confinement on the Corruption of Minors charge. This case was to run concurrent to [Moore]'s other two cases. (CP-51-CR-0014634-2013, CP-51-CR-0014635-2013).

6. The notes of testimony from the December 18, 2015 sentencing hearing are attached (Exhibit "C")

7. This [c]ourt's sentencing order is attached. (Exhibit "D")

8. Although [Moore] was advised of his reporting and registration requirements under Megan's Law at the December 18, 2015 sentencing hearing, no paperwork is available in the Philadelphia Criminal Electronic Filing System.

*See* Statement in Absence of Transcript, filed 9/1/20, at 1-5 (footnote in original).

The No Contest Plea Colloquy form states that "[t]here is no plea bargain of any kind, except that the District Attorney promised to: Recommend a sentence of not more than 1½ to 3 years to run concurrent to sentences on [two other cases]." No Contest Plea Colloquy, Ex. A to Statement in Absence of Transcript, at 1. The District Attorney also agreed to drop the charges of unlawful contact and simple assault. ***See id.***

However, at sentencing, the prosecutor stated that the plea agreement included an agreement to a sentence of one and a half to three years in prison, followed by seven years of probation. While defense counsel did not clearly agree that such were the terms of the plea agreement, he did not object:

> **THE COMMONWEALTH**: The negotiations in this case, yeah, were 1½ to 3, plus 7 years of probation to run concurrent to the other two matters.
>
> **THE COURT**: So this we have technically coded as a video VOP and it's a sentencing?
>
> **DEFENSE COUNSEL**: It's—right.
>
> **THE COMMONWEALTH**: It's a sentencing, Your Honor.
>
> **DEFENSE COUNSEL**: It's a sentencing.
>
> **THE COMMONWEALTH**: Yes.
>
> **DEFENSE COUNSEL**: You can hear us, right, Mr. Moore?
>
> **THE DEFENDANT**: Yes.
>
> **DEFENSE COUNSEL**: Okay.
>
> **THE COURT**: So this is going to be 1 ½ to 3 on the corruption of minors and the 7 years on the indecent assault, then?
>
> **THE COMMONWEALTH**: Yes. That's—that's a fine way to structure it.

- 3 -

> **DEFENSE COUNSEL**: 1 ½ to 3 on the corruption of minors and 7 years of probation on the indecent assault?
>
> **THE COURT**: Consecutive.
>
> **THE COMMONWEALTH**: Consecutive to one another, but concurrent to the other two sentences.

*See* N.T., 12/18/15, at 5-6.

Following reinstatement of Moore's direct appeal rights *nunc pro tunc*, Moore filed the instant, timely appeal. In this Court, Moore moved for a remand because transcripts of his trial are not available (the sentencing transcript, however, is in the certified record). According to Moore, the court reporter's laptop containing the transcripts was stolen and the reporter was unable to obtain the transcripts from back-up files. We granted the application and directed the trial court and the parties to proceed pursuant to Pa.R.A.P. 1923 (statement in absence of transcript) to reconstruct the proceedings.

On remand, Moore prepared a Rule 1923 statement that included copies of the Trial Disposition and Dismissal Form and the sentencing order. The Commonwealth filed a response stating that it would rely on the trial court's recollection, as well as on the Trial Disposition and Dismissal Form and the sentencing order. The trial court then filed a Statement in Absence of Transcript and issued a Pa.R.A.P. 1925(b) order. Moore filed a Rule 1925(b) statement, and the case returned to this Court.

Moore raises the following issue for our review:

> A. [Moore] has been denied adequate appellate review of the judgment of sentence due to the unavailability of the *nolo contendere plea transcript*.

- 4 -

> 1. When the lower court elects to change the specific terms of a plea negotiated with the Commonwealth, [Moore] should be allowed to withdraw the plea.

Moore's Br. at 5.

Moore argues that there is a divergence between the sentence listed on the plea colloquy form – one and a half to three years in prison – and the sentence the court actually imposed – one and a half of three years in prison followed by seven years of probation. Moore's Br. at 6. He states that the court was not bound by the plea agreement but maintains that if the judge "rejects or modifies the terms of the plea agreement," the defendant should be permitted to withdraw the plea. Despite these assertions, he does not claim that the trial court rejected or modified the terms of the plea agreement. He instead flatly argues that his "legitimate challenge to the judgment of sentence is impossible to meaningfully review in the absence of a transcript." *Id*. at 7. On this basis, he asks us to vacate his vacate his judgment of sentence.

In cases where meaningful appellate review is impossible due to no fault of the appellant, a new trial may be granted. ***Commonwealth v. Harvey,*** 32 A.3d 717, 721 (Pa.Super. 2011). However, "[m]eaningful review does not require, *per se*, a complete trial transcript." ***Id.*** (quoting ***Commonwealth v. Burrows***, 550 A.2d 787, 789 (Pa.Super. 1988)).[2] Rather, the court may provide either a complete transcript or an equivalent. ***Id.***

---

[2] ***See also Commonwealth v. Lesko***, 15 A.3d 345, 410-11 (Pa. 2011) ("[T]he absence of notes does not generate some instantaneous, meritorious claim for relief.").

Rule of Appellate Procedure 1923 provides a means for providing an equivalent of a missing transcript. Pursuant to the rule, if a transcript "is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including [the appellant's] recollection." Pa.R.A.P. 1923. The appellant must serve the statement on the appellee, who may within ten days thereafter "serve objections or propose amendments" to the appellant's "statement of the evidence or proceedings." *Id.* Any objection or proposed amendment goes to the trial court "for settlement and approval," and the court clerk must include the statement "as settled and approved" in the record on appeal. *Id.* "The theory that underlies Rule 1923 is that a verbatim transcript of proceedings is not necessarily a condition precedent to meaningful appellate review, so long as the appellate court has an 'equivalent picture' of what happened" in the trial court. *Harvey,* 32 A.3d at 721 (citing *Commonwealth v. Anderson*, 272 A.2d 877 (1971)).

Moore is not entitled to relief. It is not "impossible" to determine whether the trial court rejected or modified the terms of the plea agreement. It is plain that it did not. Even assuming that the No Contest Plea Colloquy form is correct and the Commonwealth agreed to recommend a sentence of one and a half to three years in prison, and the prosecutor failed to abide by that agreement, the fault lies with the Commonwealth, not the trial court. The trial court did not change or reject any term of the agreement. No relief is due.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/12/2021