CAMDEN CITY DISTRICT COURT.

NANCY RUTH TROPP AND WALTER W. TROPP, PLAIN-
TIFFS, v. THE GREAT ATLANTIC & PACIFIC TEA CO.
ET AL., DEFENDANTS.

Decided July 2, 1943.

For the plaintiffs, *Joseph Tomaselli.*

For the defendants, *Carroll & Taylor.*

MARTINO, D. C. J.   The plaintiffs are husband and wife.
The defendant The Great Atlantic & Pacific Tea Co. main-
tains a super market in the Borough of Oaklyn, County of
Camden, State of New Jersey.   The plaintiff Nancy Ruth
Tropp entered defendant's store on March 9th, 1943, for
the purpose of purchasing household commodities.   She
noticed that one of the items she sought to purchase namely
"Miracle Whip Salad Dressing" was in a compartment over
which was affixed a price tag calling the customers' attention
that the ceiling price was 45 cents for the quart jar.   She
requested to speak to the manager concerning this item.   The
manager, who was assisting in unloading a truck filled with
merchandise for defendant's store, approached the plaintiff
Nancy Ruth Tropp.   She advised the manager that the ceil-
ing price for a quart jar of "Miracle Whip Salad Dressing"
as listed by defendant's store, namely 45 cents, was incorrect
and above the prevailing ceiling price for this commodity.
He then referred to a price list book and advised the plaintiff

Nancy Ruth Tropp that she was correct and that the ceiling price should be 41 cents. The quart jar had the price 45 cents written on the label and plaintiff Nancy Ruth Tropp testified that the manager changed the figure from 45 cents to 41 cents. The defendant's manager denies that he changed the price on the jar but admits the rest of the conversation with this plaintiff. The jar was admitted into evidence without objection and the crayon change in the price marking was plainly visible. The defendant's manager admitted on the stand that the correct ceiling price per quart of "Miracle Whip Salad Dressing" was 39 cents. He attempts to justify his mistake by testifying that due to the economic conditions he is short of help and at the time plaintiff Nancy Ruth Tropp asked him concerning this item he was busily complying with the O. D. T. order of unloading all trucks immediately and sending them on to their next destination and in the excitement he inadvertently gave plaintiff the price for "Miracle Whip Spread," which item is listed on the same price list. It further appeared that when plaintiff was leaving the store it was necessary for her to check out with the cashier at one of the store's exits and the checker or cashier charged her 45 cents for this item, which fact she did not learn until she had arrived home and was checking the goods purchased against the printed receipt handed her by the checker or cashier. She discussed the day's happenings with her husband, the other plaintiff, when he returned from work and on the following day, March 10th, 1943, she returned to defendant's store and purchased another jar of the same "Miracle Whip Salad Dressing" together with one other item, which item was not divulged at the trial. She again consulted with her husband that evening. On the following day, March 11th, 1943, her husband, the plaintiff Walter W. Tropp, called at defendant's store and also purchased a jar of "Miracle Whip Salad Dressing" and paid 45 cents for same. He purchased several other items for which a receipt was admitted into evidence without objection. Two suits were instituted. One suit by Nancy Ruth Tropp alleging two violations as of March 9th, 1943, and March 10th, 1943, and

a separate suit by Walter W. Tropp alleging a violation on March 11th, 1943. The amount claimed was $50 for each violation together with reasonable attorney's fee and costs of suit as provided for under section 205 (e) of the Emergency Price Control Act of 1942, 50 *U. S. C. A. Appendix,* § 925 (e).

Section 205 (e) of the Emergency Price Control Act of 1942 provides as follows:

"If any person selling a commodity violates a regulation order or price schedule prescribing a maximum price or prices, the person who buys such commodity *for use or consumption* other than in the course of trade or business may bring an action either for Fifty ($50.00) Dollars or for treble the amount by which the consideration exceeded the applicable maximum price, whichever is the greater, plus reasonable attorney's fees and costs as determined by the Court * * *."

This act was not created to make public informers of the general public. Viewed in a reasonable light it does not mean that every shopkeeper who makes an overcharge of even a few cents must forfeit $50 to every customer who decides to sue. To permit this interpretation would result in the clogging of all court processes. Persons should not be permitted to succeed under this act where their only motive is to enrich themselves at the expense of the man in business. To do so would violate one of the very purposes of the act which is stated in the preamble "to prevent hardships to persons engaged in business," chapter 26, title I, section 1, 56 *Stat.* 23, as amended October 2d, 1942, chapter 578, section 7 (a), 56 *Stat.* 767; 50 *U. S. C. A. Appendix,* § 901. Unless the plaintiff can show that the commodity was purchased "for use or consumption" there should be no recovery. The plaintiff Nancy Ruth Tropp, upon her visit to defendant's store on March 9th, 1943, I find, intended to make a *bona fide* purchase "for use or consumption" and therefore should be entitled to recover. A few decisions have been rendered in other jurisdictions as to whether or not the amount recoverable must be $50 where treble the amount by

which the consideration exceeded the applicable maximum price is less than $50. No effort is made by this court to pass upon this point.

The verdict will therefore be a judgment of $50 plus $15 attorney's fee and costs of suit in behalf of Nancy Ruth Tropp on the first count of her complaint. Verdicts of no cause of action on all other counts of her complaint. A verdict of no cause of action on the complaint of the plaintiff Walter W. Tropp.