564

667 A.2d 751

## COMMONWEALTH of Pennsylvania

v.

## Scott W. McCARDLE, Appellant.

Superior Court of Pennsylvania.

Argued Sept. 21, 1995.

Filed Nov. 17, 1995.

Joseph M. Devecka, State College, for appellant.

Stephen S. Snook, District Attorney, Lewistown, for the Commonwealth, appellee.

Before POPOVICH, SAYLOR and BROSKY, JJ.

BROSKY, Judge.

This is an appeal from the judgment of sentence entered following appellant's conviction for driving while under the influence of alcohol or a controlled substance.[1]

Appellant presents the following issues for our review: (1) whether appellant is responsible for supplying this court with a complete record for review: (2) whether the trial court erred in refusing appellant's written request for an instruction and in charging the jury that "incapable of safe driving" means "cannot drive safely;" and (3) whether the trial court erred in

1. 75 Pa.C.S.A. § 3731(a).

denying certain defense objections raised at trial.[2] For the reasons set forth below, we remand for completion of the certified record.

Before addressing appellant's claims, we will briefly recount the pertinent facts and history giving rise to this appeal. Patrolman Jack Miller observed appellant, Scott McCardle, operating his vehicle in an erratic manner during the early morning hours of August 7, 1993. As a result, Officer Miller stopped appellant for further investigation. Due to appellant's bloodshot eyes and exudation of a strong odor of alcohol, Officer Miller asked appellant to perform field sobriety tests. Appellant failed the tests and was subsequently charged with driving while under the influence of alcohol.

Appellant was convicted of this offense following a jury trial held on January 13, 1994. Although appellant filed post-trial motions, the trial court dismissed the motions without prejudice to re-file them after the imposition of sentence.[3] On March 14, 1994, appellant was sentenced to a term of one (1) to two (2) years imprisonment. Appellant has timely appealed from the judgment of sentence.

■ Appellant first asserts that he is not responsible for supplying this court with a complete transcript, and thus, that his remaining issues are not waived. Appellant's Brief at 7–8. The Commonwealth, on the other hand, contends that appellant should be held responsible for failing to supply this court with a transcript or other equivalent picture, hence resulting in the waiver of his claims. Appellee's Brief at 2–3. In support of its argument, the Commonwealth relies upon this court's decision in *Commonwealth v. Osellanie* in which we deemed the defendant's claims to be waived where he failed to supply us with a transcript or statement in lieu of a transcript.

---

2. For purposes of discussion, we have revised the order in which we will address appellant's claims.

3. Because appellant was convicted after January 1, 1994, the amendments to the post-verdict motions rules were applicable. *See* Note, Pa.R.Crim.P., Rule 1410, 42 Pa.C.S.A. (as amended December 17, 1993 effective as to cases in which the determination of guilt occurs on or after January 1, 1994).

*Commonwealth v. Osellanie,* 408 Pa.Super. 472, 476, 597 A.2d 130, 132 (1991).

The defendant in *Osellanie* apparently did not order the transcript and ascertain its presence in the record before the record was certified for appeal. *See id.,* 408 Pa.Super. at 475, 597 A.2d at 131. Although this court initiated our own inquiries concerning the whereabouts of the transcript, our efforts proved unavailing. *Id.,* 408 Pa.Super. at 476, 597 A.2d at 132. Since it appeared that the notes of testimony could not be located or did not exist, it was thus incumbent upon the defendant to file a statement in the absence of a transcript. Unfortunately, the defendant did not avail himself of this alternative procedure and thereby precluded this court from reviewing the merits of some of his claims. *Id.*

Unlike the situation in *Osellanie,* it appears that the trial in this case was recorded by the court reporter and that the notes of testimony exist, albeit in an untranscribed form. Appellant formally requested that the court reporter transcribe the proceedings in accordance with Pa.R.A.P., Rule 1911(a), 42 Pa.C.S.A. and Pa.R.J.A., Rule 5000.5, 201 Pa.Code. However, the court reporter, who has since retired, failed to transcribe the notes of testimony and lodge them with the clerk of court within the time period set forth in Pa.R.A.P., Rule 1922(a), 42 Pa.C.S.A. and Pa.R.J.A., Rule 5000.9, 201 Pa.Code. Despite the court reporter's failure to perform her duties, the trial court neither imposed sanctions on the reporter nor adopted other measures to facilitate transcription of the proceedings. In fact, our own inquiries regarding the whereabouts of the transcript indicate that the trial court refuses to take action absent a specific directive from this court.

It is the trial court's responsibility to supervise its personnel and assure that the court reporters perform their duties without delay. *Commonwealth v. Morgan,* 469 Pa. 35, 38 n. 2, 364 A.2d 891, 892 n. 2 (1976). Where a court reporter is remiss in his or her duties, the trial judge is required to employ the sanctions necessary to assure the orderly administration of justice. *Id. See also* Pa.R.J.A., Rule 5000.10, 201

Pa.Code (discussing sanctions to be imposed where a court reporter fails to deliver a transcript within the time period specified in 201 Pa.Code Rule 5000.9). The trial judge also has the authority to designate another reporter to transcribe the notes of testimony and certify the transcript in the event that the reporter who took the notes leaves the jurisdiction of the court, dies or becomes incapacitated before transcribing the notes. Pa.R.J.A., Rule 5000.12(b), 201 Pa.Code.

In view of the above, we find that appellant has taken the requisite steps to obtain the transcript. However, appellant's efforts have been thwarted by the court reporter's unwillingness or inability to perform her duties and the reluctance of the trial court to compel compliance or take other appropriate action. Under these circumstances, appellant's actions in attempting to secure the transcript are clearly distinguishable from the type of conduct displayed by the defendant in *Osellanie.* We accordingly decline to invoke the waiver doctrine in this instance.

Having resolved this threshold issue, we are unable to review the merits of the remaining issues due to the lack of a transcript of the proceedings. Review has also been hampered by the trial court's failure to supply us with an opinion.[4] We are therefore compelled to remand this matter to the trial court for completion of the record in accordance with the attached order.

Remanded with directives. Panel jurisdiction retained.

---

**4.** Upon remand, the trial court should direct appellant to file a statement of matters complained of on appeal pursuant to Pa.R.A.P., Rule 1925(b), 42 Pa.C.S.A. Upon receipt of the statement, the trial court shall issue an opinion in accordance with Pa.R.A.P., Rule 1925(a), 42 Pa.C.S.A.