J-S29002-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSEPH CHARLES GALUTZI III | |
| Appellant | No. 1978 WDA 2013 |

Appeal from the Judgment of Sentence November 12, 2013
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0012432-2005

BEFORE: PANELLA, J., MUNDY, J., and STRASSBURGER, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED JUNE 30, 2015**

Appellant, Joseph Charles Galutzi, III, appeals from the judgment of sentence entered after he was found to have violated the conditions of his sentence of probation. Galutzi contends that the trial court entered an illegal sentence, as it imposed sentence on a charge for which Galutzi had already served his sentence. Importantly, both the trial court and the Commonwealth concede that the trial court erred in imposing sentence. Both Galutzi and the trial court request a remand for re-sentencing, and the Commonwealth does not oppose a remand. As we agree that the sentence is illegal, we vacate and remand for re-sentencing.

_____

[*] Retired Senior Judge assigned to the Superior Court.

Galutzi pled guilty to multiple charges in 2006. Of current relevance, on Count II, the trial court imposed a sentence of imprisonment of 9 to 18 months, with no probationary tail. On Count IV, the trial court imposed a concurrent sentence of 9 to 18 months of imprisonment, as well as a consecutive two year sentence of probation.

In the following years, Galutzi was found to have violated the terms of his probation three times. After the first two violations, the trial court re-sentenced Galutzi to two years of probation. On November 12, 2013, the trial court found Galutzi to have violated the terms of his probation for a third time. As a result, the trial court indicated that it was revoking probation on Count II and re-sentencing Galutzi to a term of imprisonment of one to three years. The trial court further indicated that it was imposing no further penalty on Count IV.

Galutzi's post-sentence motions were denied by the trial court, and this timely appeal followed.[1] As explained previously, all parties concede the trial court's error in imposing sentence. Our review of the record comports

_____

[1] Galutzi explains the significant delay after the notice of appeal was filed as arising from difficulties in obtaining a court reporter to transcribe the 2006 guilty plea hearing. We remind the parties and the trial court that "[i]t is the trial court's responsibility to supervise its personnel and assure that the court reporters perform their duties without delay." *Commonwealth v. McCardle*, 667 A.2d 751, 753 (Pa. Super. 1995). Thus, the trial court has the authority and responsibility to sanction unresponsive court reporters. *See id*.; *see also* Pa.R.J.A. § 5000.10 (providing that court reporters who fail to produce a timely transcript "shall not be allowed to take further notes in any proceeding, until all such delinquent transcripts are completed[ ]").

with the statements of the parties and the trial court. Thus, we vacate the judgment of sentence and remand for re-sentencing.

Judgment of sentence vacated. Case remanded for re-sentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/30/2015