J-S68005-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KEVIN FREEMAN, | |
| Appellant | No. 2889 EDA 2008 |

Appeal from the Judgment of Sentence Entered September 3, 2008
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1114501-1999

BEFORE:  BENDER, P.J.E., DONOHUE, J., and MUNDY, J.

MEMORANDUM BY BENDER, P.J.E.:          **FILED DECEMBER 04, 2015**

Appellant, Kevin Freeman, appeals from the judgment of sentence of one to three years' imprisonment, imposed on September 3, 2008, after the trial court revoked his parole based on a technical violation.  Appellant argues that this Court should remand for a new revocation/sentencing hearing because the transcript of the September 3, 2008 revocation/resentencing hearing is unavailable and, consequently, he has been deprived of his right to meaningful appellate review that proceeding. After careful review, we affirm.

The trial court summarized the facts and procedural history of Appellant's case, as follows:

> [Appellant] pled guilty to possession with intent to deliver a controlled substance on August 7, 2000[,] before the Honorable Eugene J. Maier, who imposed a sentence of 3½ to 7 years' imprisonment.  After [Appellant] was paroled on this

sentence, [he] was charged with a new offense. [Appellant] filed the instant appeal when the Lower Court found him in direct and technical violation of his parole and imposed a 1 to 3 year sentence of imprisonment on September 3, 2008.[1] The sentence was ordered to be served consecutively to any sentence he was then serving.

_____

[1] The matter was transferred to the undersigned judge because Judge Maier was no longer on the bench.

_____

[Appellant] filed a *pro se* petition to modify sentence on September 12, 2008 arguing that he was never granted a **Gagnon I** hearing or the right to waive the hearing, and that more than 9 months passed before he received a **Gagnon** [**II**] hearing.[1] [Appellant] also alleges that counsel at his **Gagnon** [**II**] hearing failed to "consider whether steps should be taken to improve his chances of rehabilitation," and that the Lower Court did not "consider improving [Appellant's] chances of rehabilitation and, instead, impos[ed] a sentence of total confinement."

Trial Court Opinion (TCO), 11/26/10, at 1.

On September 26, 2008, the trial court denied Appellant's motion to reconsider his sentence.[2] He filed a timely notice of appeal, and the court subsequently filed a Pa.R.A.P. 1925(a) opinion, despite not ordering

_____

[1] **See Gagnon v. Scarpelli**, 411 U.S. 778 (1973) (directing that when a parolee or probationer is detained pending a revocation hearing, due process requires a determination at a pre-revocation, **Gagnon I** hearing, that probable cause exists to believe that a violation has been committed; when a finding of probable cause is made, a second, more comprehensive **Gagnon II** hearing is required before a final revocation decision can be made).

[2] We note that Appellant's motion for reconsideration of his sentence was not docketed or included in the certified record. However, the docket states that the court issued an order denying that motion on September 26, 2008.

Appellant to file a Rule 1925(b) concise statement of errors complained of on appeal.

Pertinent to the issue that Appellant raises herein is the following procedural history of his appeal before this Court. On May 29, 2009, Appellant filed with this Court an application to vacate, asking us to remand his case to the trial court for it to complete the record with the transcript of the September 3, 2008 revocation/resentencing hearing. On June 17, 2009, this Court issued a *per curiam* order granting Appellant's application to vacate and directing the trial court to certify and transmit to this Court, within 30 days, a supplemental record consisting of that transcript. Our docket indicates that no such supplemental record was supplied by the trial court, despite multiple 'follow-ups' by our Court's Prothonotary's Office.

Ultimately, on February 3, 2014, this Court issued a *per curiam* order stating that the transcript of Appellant's September 3, 2008 revocation/resentencing hearing was unavailable, and directing the trial court and parties to recreate the record of that proceeding by preparing a Pa.R.A.P. 1923 'statement in absence of a transcript' (hereinafter "Rule 1923 statement"). **See** *Per Curiam* Order, 2/3/14. On March 24, 2014, this Court received Appellant's "Statement in Absence of Transcript Pursuant to Pa.R.A[].P 1923," which was served upon the Commonwealth and the trial court. It does not appear that the Commonwealth filed any objections or proposed amendments to that document, and Appellant's statement in absence of the transcript was made part of the certified record.

On appeal, Appellant presents one question for our review:

Where the notes of testimony could not be transcribed through no fault of [A]ppellant, and [A]ppellant raised issues in a post-sentence motion that cannot be fully briefed because the Pa.R.A.P. 1923 Statement in Absence of Transcript is insufficient to address those issues, is not [A]ppellant entitled to a new violation of probation hearing?

Appellant's Brief at 2.

Before addressing Appellant's argument, we note that:

The burden of obtaining transcripts from the proceedings falls squarely on the appellant. Pa.R.A.P. 1911(a). When the unusual situation arises where there is no transcript for a particular day available, Pennsylvania Rule of Appellate Procedure 1923 provides:

If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including his recollection. The statement shall be served on the appellee, who may serve objections or propose amendments thereto within ten days after service. Thereupon the statement and any objections or proposed amendments shall be submitted to the lower court for settlement and approval and as settled and approved shall be included by the clerk of the lower court in the record on appeal.

Pa.R.A.P. 1923. *See Commonwealth v. McCardle*, 446 Pa.Super. 564, 667 A.2d 751, 752 (1995) (holding where notes of testimony cannot be located or do not exist, it is incumbent upon the defendant to file a statement in the absence of a transcript).

*Commonwealth v. Harvey*, 32 A.3d 717, 721 (Pa. Super. 2011).

Here, it is undisputed that the notes of testimony from the September 3, 2008 *Gagnon II* revocation/resentencing hearing are unavailable, and that Appellant filed a Rule 1923 statement in absence of a transcript

- 4 -

J-S68005-15

(hereinafter "Rule 1923 statement").  However, on appeal, Appellant's counsel contends that the Rule 1923 statement – drafted by counsel herself – is inadequate to permit her to meaningfully develop any of the arguments Appellant seeks to assert on appeal.[3]  **See** Appellant's Brief at 15 ("The [Rule] 1923 statement is insufficient to address the issues on appeal that were raised in the post-sentence motion.  The [Rule] 1923 statement is not an equivalent report of the events at the hearing from which [Appellant's] contentions arise.").  Appellant's counsel further avers that "no blame for

_____

[3] Specifically, Appellant desires to raise the following claims:

> 1) [Appellant] was never granted a **Gagnon I** hearing or the right to waive the hearing, and more than nine months passed before [Appellant] received a **Gagnon II** hearing;
>
> …
>
> [2]) The lower court did not consider [Appellant's] chances of rehabilitation and instead imposed a sentence of total confinement.

Appellant's Brief at 10 (citing TCO at 1).  Appellant also presented a third issue in his post-sentence motion that involved a claim of ineffective assistance of counsel.  However, he has abandoned that claim herein, acknowledging that it must be raised in a petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  **See** Appellant's Brief at 10 n.4; **see also Commonwealth v. Holmes**, 79 A.3d 562, 576 (Pa. 2013) (reaffirming the prior holding in **Commonwealth v. Grant**, 813 A.2d 726 (Pa. 2002), that, absent certain circumstances, claims of ineffective assistance of counsel should be deferred until collateral review under the PCRA).

the absence of a transcript can be ascribed to [Appellant]" and, because the Rule 1923 statement is insufficient, Appellant is entitled to a new revocation/sentencing hearing. *Id.*

In *Commonwealth v. Harvey*, 32 A.2d 717 (Pa. Super. 2011), we addressed a similar argument. There, the notes of testimony from a portion of Harvey's trial were unavailable, and his attorney filed a Rule 1923 statement. Counsel constructed that statement by reviewing "the case file, which consisted of correspondence with [Harvey], the available discovery, and the preliminary hearing notes of testimony." *Id.* at 721. On appeal, Harvey's counsel (the same attorney who drafted the Rule 1923 statement) argued that "the statement [was] insufficient and [was] not an adequate substitute for the missing transcripts…." *Id.* Accordingly, counsel contended that Harvey was entitled to a new trial.

In assessing this claim, we initially noted:

> Where meaningful review is impossible and appellant is free from fault, a new trial may be granted. *Commonwealth v. Burrows*, 379 Pa.Super. 548, 550 A.2d 787 (1988). "Meaningful review does not require, *per se,* a complete trial transcript." *Id.* at 789. *See Commonwealth v. Lesko*, 609 Pa. 128, 15 A.3d 345, 410–11 (2011) ("[T]he absence of notes does not generate some instantaneous, meritorious claim for relief."). Rather, the court may provide either a complete trial transcript or an equivalent thereof. *Burrows, supra.* "Rule 1923 does not contemplate that appellate counsel must single-handedly reconstruct the record." *Burrows*, 550 A.2d at 789. The theory that underlies Rule 1923 is that a verbatim transcript of proceedings is not necessarily a condition precedent to meaningful appellate review, so long as the appellate court has an "equivalent picture" of what happened at trial. *Commonwealth v. Anderson*, 441 Pa. 483, 272 A.2d 877

(1971). Further, no relief is due because counsel on appeal was not counsel at trial. ***Burrows, supra*** (the rules of appellate procedure do not require appellate counsel to have first-hand direct knowledge of what transpired at trial to prepare statement of evidence). Rather, appellate counsel is required to prepare a statement of the missing evidence from the best available means. ***See id.***

***Id.*** at 721-722.

In ***Harvey***, we ultimately concluded that Harvey's appellate counsel had failed to utilize the best available means to formulate her Rule 1923 statement. We emphasized that counsel,

limited her attempt to recreate an account of trial to discussions with trial counsel and a review of the case file. That is, there is no evidence she attempted to consult with the district attorney's office, the trial judge, or Appellant. However, the information necessary to prepare a statement in absence of transcript can come from any of the parties who were present, including the trial judge, witnesses, the trial prosecutor, defendant's trial attorney, and defendant. ***Burrows, supra***.

***Id.*** at 722. Because Harvey's counsel had failed to utilize the best available means to reconstruct the record, we concluded that Harvey was not entitled to a new trial due to the missing transcripts. ***Id.***

Here, appellate counsel's efforts to reconstruct the record of the September 3, 2008 hearing were comparable, at best, to the attorney's inadequate efforts in ***Harvey***. As Appellant's counsel concedes, in drafting her Rule 1923 statement, she relied only on the information contained in "the court docket and the probation department's summary report…." Appellant's Brief at 8. Counsel acknowledges that "this information provide[d] mostly a procedural posture of the matter," but did not "address

any argument that may have been made" at the September 3, 2008 hearing regarding the ostensible failure of the court to conduct a **Gagnon I** hearing or a 'speedy' **Gagnon II** hearing. **Id.** Counsel also states that the information on which she relied provided no documentation of "what occurred at sentencing." **Id.** Nevertheless, counsel does not explain why she did not ask Appellant, the presiding judge, district attorney, or prior defense counsel(s) for their recollections of, and/or notes from, that proceeding.

Thus, in accordance with **Harvey**, we conclude that Appellant's counsel failed to utilize the best available means to reconstruct the record of the September 3, 2008 revocation/resentencing hearing. Accordingly, we must reject counsel's argument that Appellant is entitled to a new hearing because of the unavailable transcript and the inadequacy of her own Rule 1923 statement.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/4/2015

- 8 -