J-S01020-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DOMINIC J. FLEMISTER | : | |
| | : | |
| Appellant | : | No. 946 MDA 2021 |

Appeal from the PCRA Order Entered June 17, 2021
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0002037-2015

BEFORE:   BOWES, J., NICHOLS, J., and COLINS, J.[*]

DISSENTING MEMORANDUM BY BOWES, J.: **FILED: MAY 16, 2022**

My esteemed colleagues elect to remand this appeal for, *inter alia*, a supplemental PCRA court opinion and additional briefing by the parties to address whether attempted murder and aggravated assault merge for the purposes of sentencing.  However, because the proposed remand is both premature and potentially unnecessary, I respectfully dissent.

It is beyond cavil that this Court will address issues regarding the legality of a sentence *sua sponte*.  However, it is equally true that we should not delay the resolution of an appeal unnecessarily.  Appellant asserted the following three issues, any of which would warrant a new trial, if meritorious,

---

[*] Retired Senior Judge assigned to the Superior Court.

and alleviate the need to determine the legality of the sentence imposed in this case:

> A. Whether the PCRA court erred in denying Appellant's PCRA petition where Appellant presented sufficient evidence of trial counsel's ineffectiveness in failing to impeach Commonwealth witnesses Chambers and Dunbar on their prior *crimen falsi* convictions.
>
> B. Whether the trial court erred in denying Appellant's PCRA petition where Appellant presented sufficient evidence of trial counsel's ineffectiveness in failing to impeach Commonwealth witness Hill regarding favorable treatment he received from the Commonwealth.
>
> C. Whether the trial court erred in denying Appellant's PCRA petition where Appellant presented sufficient evidence of trial counsel's ineffectiveness in failing to object [to] the Commonwealth's failure to prove an element of the crime.

Appellant's brief at 4 (unnecessary capitalization and suggested answers omitted). Critically, our resolution of these issues is not affected by the deficiencies in the record that the majority seeks to remedy.

Conventional principles of appellate review require that we address the substantive allegations of ineffective assistance before confronting the concomitant sentencing issue. However, rather than address this appeal in the normal course, the majority ostensibly presumes that the substantive claims lack merit and remands the matter for the PCRA court to supplement the certified record and provide an opinion on the issue of merger, which again, is utterly contingent upon our merits determination.

Moreover, although potentially helpful, the trial court's analysis of the merger issue is unnecessary in light of our *de novo* review. ***See***

- 2 -

*Commonwealth v. Edwards*, 256 A.3d 1130, 1136 (Pa. 2021) ("A claim that crimes should merge for sentencing purposes raises a non-waivable challenge to the legality of the sentence; thus, our standard of review is *de novo* and our scope of review is plenary."). Accordingly, even providing that Appellant's substantive issues fail, any supplemental opinion provided by the PCRA court is wholly advisory.

> As to the details of the remand, the majority provides,

> [W]e remand this matter to the PCRA court to address the state of the record, the legality of Appellant's sentence, and file a supplemental opinion within thirty days and supplement the record if necessary. Appellant shall have twenty-one days from the date the supplemental opinion is filed to file a supplemental brief. Thereafter, the Commonwealth shall have twenty-one days in which to file a response.

*See* Majority Memorandum at 5 (footnote omitted).

Thus, by presuming the futility of Appellant's substantive assertions and remanding for an advisory supplemental opinion and additional briefing, the majority will delay the resolution of this case by up to seventy-two additional days. This scenario begs the question, what if, upon the case's eventual return to this Court, the majority ultimately determines that any one of Appellant's substantive challenges, in fact, warrants relief? From my perspective, if relief is warranted based on the existing record but deferred for what proves to be a futile exercise, the resulting seventy-two day-delay is entirely unnecessary.

Thus, rather than suspend the resolution of this appeal, potentially unnecessarily, I would immediately enter a precise order directing the PCRA

court to obtain the complete transcripts of all of the relevant proceedings, including the closing arguments and sentencing hearing, and, if necessary, direct the PCRA court to order the court reporter to transcribe the relevant notes of testimony pursuant to its authority under Pa.R.A.P. 1931(b), or explain why it cannot.[1]  In the meantime, I would address the merits of Appellant's three ineffective assistance claims, and only then, having confirmed that a new trial is not warranted and that a remand is absolutely necessary notwithstanding the supplemented record, would I remand the case for the PCRA court's analysis and additional briefing.

For all of the foregoing reasons, I respectfully dissent.

_____

[1] Rule 1931(b) provides, in pertinent part,

> **Duty of Trial Court**.  After a notice of appeal has been filed, the judge who entered the order appealed from shall . . . cause the official court reporter to comply with Pa.R.A.P. 1922 or shall otherwise settle a statement of the evidence or proceedings as prescribed by this chapter, and shall take any other action necessary to enable the clerk to assemble and transmit the record as prescribed by this rule.

Pa.R.A.P. 1931(b); ***see also Commonwealth v. McCardle***, 667 A.2d 751, 752-53 (Pa.Super 1995) (once ordered by appellant, trial judge has duty to assure transcription of testimony); Pa.R.J.A.703(B), *Note* ("Judges must also take an active role in ensuring the timely preparation of documents, such as notes of testimony[.]").