J-S10024-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| GEORGE JOHNSON | : | |
| | : | |
| Appellant | : | No. 394 WDA 2023 |

Appeal from the Judgment of Sentence Entered March 22, 2023
In the Court of Common Pleas of Cambria County
Criminal Division at No(s): CP-11-CR-0001121-2022

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| GEORGE JOHNSON | : | |
| | : | |
| Appellant | : | No. 968 WDA 2023 |

Appeal from the Judgment of Sentence Entered March 22, 2023
In the Court of Common Pleas of Cambria County
Criminal Division at No(s): CP-11-CR-0001122-2022

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| GEORGE JOHNSON | : | |
| | : | |
| Appellant | : | No. 969 WDA 2023 |

Appeal from the Judgment of Sentence Entered March 22, 2023
In the Court of Common Pleas of Cambria County
Criminal Division at No(s): CP-11-CR-0001128-2022

BEFORE: OLSON, J., KING, J., and LANE, J.

MEMORANDUM BY KING, J.:                    **FILED: May 7, 2024**

Appellant, George Johnson, appeals from the judgment of sentence entered in the Cambria County Court of Common Pleas, following his guilty plea to three counts of possession with intent to deliver a controlled substance ("PWID").[1]  We affirm.

The relevant facts and procedural history of this case are as follows.  On January 31, 2023, Appellant entered a guilty plea to three counts of PWID, arising at three trial court docket numbers.  Specifically, the record shows that Appellant's plea deal involved the following terms: Appellant agreed to plead guilty to three counts of PWID, less than one gram of fentanyl, graded as a felony, with a maximum penalty of 15 years' imprisonment and/or a $250,000.00 fine for each count.  The Commonwealth also stipulated that Appellant's offense gravity score for each count was eight.  Further, the Commonwealth agreed to *nolle prosse* all remaining charges 31 days after sentencing unless Appellant filed post-sentence motions and/or appeals, in which case the Commonwealth would not *nolle prosse* the remaining charges until resolution of the post-sentence motions and/or appeal and the judgment of sentence became final and unappealable.  The parties agreed there was no restitution.  Finally, "[e]xcept as expressly provided otherwise herein, there is

---

[1] 35 P.S. § 780-113(a)(30).

no other agreement as to sentence or any other matter." (Disposition under Rule 590(B) of Rules of Criminal Procedure, 1/31/23, at ¶ 5).

Appellant also executed a written guilty plea colloquy, which does not mention any sentencing agreement. (**See** Written Guilty Plea Colloquy, 1/31/23, at 1-9). At the guilty plea hearing, the court set forth the terms of the plea agreement as stated above. Defense counsel also remarked:

> Your Honor, if I could also add, there are allegedly three other controlled buys that were performed by the Commonwealth that they have agreed not to file if these cases are closed out. That's not written in the plea agreement, but that's what was discussed with the Commonwealth.
>
> In addition, the intent here is to have [Appellant] sentenced concurrently on each case, so it's not guaranteed the Commonwealth would object to that. We're trying to get him placed into the State Drug Treatment Court Program, so that will be determined by the State whenever he is sentenced.

(N.T. Plea Hearing, 1/31/23, at 3). The court responded:

> Well, we will take a look at that and see where we're going on that, see what's—how that comes out, what the [pre-sentence investigation report] says. Okay. All right. So as a condition of your plea, they are not going to file three other cases, okay, and we are going to consider the State Drug Treatment Program.

(**Id.**)

At the conclusion of the hearing, however, Appellant indicated that he wanted to talk to his attorney further because he did not want to plead guilty. Consequently, the court ended the proceedings and stated it would see Appellant for jury selection later that week. (**See id.** at 5). Notwithstanding

- 3 -

Appellant's assertion that he did not want to plead guilty, the record indicates that Appellant entered a guilty plea that day.[2] (**See** Order, dated 1/31/23, at 1) (stating that Appellant entered guilty plea on that date and scheduling matter for sentencing).

The court sentenced Appellant on March 22, 2023, to concurrent terms of 30 to 60 months' imprisonment at two of the PWID counts and imposed a consecutive term of 120 months' probation at the third PWID count. Appellant timely filed a *pro se* notice of appeal on April 3, 2023.[3] On April 12, 2023, the

_____

[2] Upon inquiry from this Court, the Cambria County Court of Common Pleas confirmed that no additional transcript was filed on January 31, 2023. The transcript dated January 31, 2023 quoted above does not contain a time of the proceedings. The Disposition under Rule 590(B) is time stamped as filed on January 31, 2023 at 11:52 a.m. The written guilty plea colloquy contains the same time stamp. Thus, it is not entirely clear from this record if the written guilty plea forms preceded or post-dated the plea hearing.

[3] At the time that Appellant filed the *pro se* notice of appeal, he was still represented by counsel of record. Pennsylvania law is clear that there is no right to hybrid representation; generally, all *pro se* filings by a counseled defendant are considered legal nullities. **See Commonwealth v. Williams**, 151 A.3d 621, 623 (Pa.Super. 2016). Nevertheless, "[b]ecause a notice of appeal protects a constitutional right, it is distinguishable from other filings that require counsel to provide legal knowledge and strategy in creating a motion, petition, or brief. [Thus,] this Court is required to docket a *pro se* notice of appeal despite [an a]ppellant being represented by counsel[.]" **Id.** at 624 (internal footnote omitted).

Additionally, Appellant improperly filed a single notice of appeal at only one of the three trial court docket numbers, in violation of **Commonwealth v. Walker**, 646 Pa. 456, 185 A.3d 969 (2018) (holding that filing of single notice of appeal from order involving more than one docket violates Pa.R.A.P. 341). Nevertheless, in **Commonwealth v. Young**, ___ Pa. ___, 265 A.3d 462 (2021), the Court expressly overruled the pronouncement in **Walker** that the
*(Footnote Continued Next Page)*

court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On June 12, 2023, this Court ordered the trial court to clarify whether Appellant remained represented by counsel of record or whether Appellant was entitled to the appointment of substitute counsel. The court responded the next day, indicating that Appellant was still represented by counsel of record.

Appellant raises one issue for our review:

> Whether Appellant knowingly and voluntarily entered his plea after the Sentencing Court sentenced him to a consecutive 120 months' probation which was not a part of any plea negotiations?

(Appellant's Brief at 4).

As a preliminary matter, the Commonwealth argues that Appellant's issue on appeal is waived because he did not comply with the court's Rule 1925(b) order. The failure to file a court-ordered Rule 1925(b) statement

---

failure to file separate notices of appeal in these circumstances necessarily requires this Court to quash the appeal. The **Young** Court held that "where a timely appeal is erroneously filed at only one docket, [Pa.R.A.P.] 902 permits the appellate court, in its discretion, to allow correction of the error, where appropriate." **Id.** at ___, 265 A.3d at 477. **See also** Pa.R.A.P. 902(b)(1) (effective May 18, 2023) (stating that failure of any party to comply with requirements stated in subdivision (a), which provides that notice of appeal must be filed in each docket in which order has been entered, does not affect validity of appeal, but appeal is subject to such action as appellate court deems appropriate; such action may include remand to trial court so that omitted procedural step may be taken). Following a directive from this Court, Appellant filed counseled amended notices of appeal at each docket number on August 16, 2023, which this Court later consolidated *sua sponte*. Under these circumstances, we decline to quash the appeal.

generally constitutes a waiver of all issues on appeal. ***Commonwealth v. Lord***, 553 Pa. 415, 719 A.2d 306 (1998). ***See also Commonwealth v. Castillo***, 585 Pa. 395, 888 A.2d 775 (2005). Nevertheless, our Supreme Court has revised Rule 1925 to provide a remedy where a criminal defendant's counsel fails to file a Rule 1925(b) statement as ordered. ***See*** Pa.R.A.P. 1925(c)(3). Specifically, the Rule provides:

> If an appellant represented by counsel in a criminal case was ordered to file and serve a Statement and either failed to do so, or untimely filed or served a Statement, such that the appellate court is convinced that counsel has been *per se* ineffective, and the trial court did not file an opinion, the appellate court may remand for appointment of new counsel, the filing or service of a Statement *nunc pro tunc*, and the preparation and filing of an opinion by the judge.

***Id.***

This Court has held that the failure to file a court-ordered Rule 1925(b) statement is *per se* ineffectiveness. ***See Commonwealth v. Burton***, 973 A.2d 428, 432 (Pa.Super. 2009) (*en banc*) (explaining that filing Rule 1925(b) statement when ordered is "prerequisite to appellate merits review" and is "elemental to an effective perfection of the appeal"). "The complete failure to file the [Rule] 1925 concise statement is *per se* ineffectiveness because it is without reasonable basis designed to effectuate the client's interest and waives all issues on appeal." ***Id.*** at 432-33. Nevertheless, "this Court may decide the appeal on the merits if the trial court had adequate opportunity to prepare an opinion addressing the issues being raised on appeal. If the trial court did not have an adequate opportunity to do so, remand is proper." ***Id.***

- 6 -

at 433 (holding remand not required because appellant's counsel filed late Rule 1925(b) statement setting forth alleged error, and trial court filed opinion addressing issue presented in late concise statement). Indeed, the Rule expressly provides that remand is proper only where the "appellate court is convinced that counsel has been *per se* ineffective, **and the trial court did not file an opinion**…." Pa.R.A.P. 1925(c)(3) (emphasis added). ***See also Commonwealth v. Baker***, 311 A.3d 12 (Pa.Super. 2024) (declining to find waiver of issues for failure to comply with Rule 1925(b), where trial court had adequate opportunity to prepare opinion addressing issue raised).

Here, the record confirms that the court served its Rule 1925(b) order on Appellant's counsel of record. (**See** Docket Entry for 4/12/23, indicating that Rule 1925(b) order was served on Appellant's counsel of record by eService on 4/13/23). Appellant's counsel, however, failed to comply with the court's order, constituting *per se* ineffectiveness. ***See Burton, supra***.

Nevertheless, we observe that Appellant's *pro se* notice of appeal states:

> I'm writing this appeal because I never discuss[ed] nor agreed to the 10 years probation on the end of my sentence. I only agreed on a 2 to 4 years sentence with all of the charges in concurrence. I went to my sentence date and there was a different plea that I never signed that stated [that] I agreed to any plea [whatsoever]. I would also need the courts to appoint me counsel for my Direct Appeal Issues.

(*Pro se* Notice of Appeal, filed 4/3/23, at 1). Because Appellant was still represented by counsel of record when he filed his notice of appeal, however, this portion of the appeal purporting to raise the issue Appellant sought to

argue on appeal (which is distinct from the actual notice of appeal that protects Appellant's constitutional right), is considered a legal nullity. **See Williams, supra**.

The trial court states in its opinion that Appellant filed a concise statement when he filed his notice of appeal, suggesting that the court interpreted Appellant's *pro se* statement written on the notice of appeal as a voluntary Rule 1925(b) statement. Although we disagree that Appellant's statement written on the notice of appeal constitutes the filing of a Rule 1925(b) statement as Appellant was represented by counsel of record at that time and not entitled to hybrid representation, remand is not required here because the court issued an opinion addressing the issue presented on appeal. **See Burton, supra**; **Baker, supra**. Thus, we turn to Appellant's issue on appeal.

Appellant argues that he entered a negotiated guilty plea to three counts of PWID (less than one gram of fentanyl). Appellant asserts that pursuant to the parties' agreement, the Commonwealth would not object to the sentences being run concurrently or to Appellant's eligibility for drug treatment court. Appellant claims that the parties also agreed to an aggregate sentence of 30 to 60 months' imprisonment. Appellant emphasizes that the court imposed concurrent terms of 30 to 60 months' imprisonment for two of the PWID charges, but also imposed a consecutive 120 months' probation for the third PWID charge. Appellant complains that he did not get the benefit of his

bargain, because he did not agree to the consecutive term of probation. Appellant avers that he did not discuss with his attorney the possibility of a consecutive term of probation. Appellant insists that he would not have entered the negotiated plea if he knew he would receive the consecutive term of probation. Appellant concludes his guilty plea is invalid under these circumstances, and this Court must grant relief. We disagree.

Pennsylvania Rule of Criminal Procedure 590 governs guilty pleas and plea agreements, and states in relevant part:

**Rule 590. Pleas and Plea Agreements**

**(A)  Generally**

(1)  Pleas shall be taken in open court.

(2)  A defendant may plead not guilty, guilty, or, with the consent of the judge, *nolo contendere*. If the defendant refuses to plead, the judge shall enter a plea of not guilty on the defendant's behalf.

(3)  The judge may refuse to accept a plea of guilty or *nolo contendere*, and shall not accept it unless the judge determines after inquiry of the defendant that the plea is voluntarily and understandingly tendered. Such inquiry shall appear on the record.

**(B)  Plea Agreements**

(1)  At any time prior to the verdict, when counsel for both sides have arrived at a plea agreement, they shall state on the record in open court, in the presence of the defendant, the terms of the agreement….

(2)  The judge shall conduct a separate inquiry of the defendant on the record to determine whether the defendant understands and voluntarily accepts the terms of the plea agreement on which the guilty plea or plea of *nolo*

*contendere* is based.

Pa.R.Crim.P. 590(A)-(B).

> The guilty plea and the frequently concomitant plea bargain are valuable implements in our criminal justice system. The disposition of criminal charges by agreement between the prosecutor and the accused, …is an essential component of the administration of justice. Properly administered, it is to be encouraged. In this Commonwealth, the practice of plea bargaining is generally regarded favorably, and is legitimized and governed by court rule.
>
> Assuming the plea agreement is legally possible to fulfill, when the parties enter the plea agreement on the record, and the court accepts and approves the plea, then the parties and the court must abide by the terms of the agreement.

*Commonwealth v. Anderson*, 995 A.2d 1184, 1190-91 (Pa.Super. 2010), *appeal denied*, 608 Pa. 634, 9 A.3d 626 (2010) (internal citations and quotation marks omitted).

Further, "the trial court is not required to sentence a defendant in accordance with the plea agreement." *Commonwealth v. Tann*, 79 A.3d 1130, 1133 (Pa.Super. 2013), *appeal denied*, 626 Pa. 677, 94 A.3d 1009 (2014). "Such a sentence is legal, so long as it does not exceed the statutory maximum. However, a criminal defendant who is sentenced to more than was agreed upon in a negotiated plea may withdraw his guilty plea upon being deprived the benefit of his bargain." *Id.* (internal citation omitted).

Instantly, Appellant's issue on appeal rests primarily on the premise that he entered a negotiated guilty plea in this case, pursuant to which the court

would impose an aggregate sentence of 30 to 60 months' imprisonment. Nevertheless, the record before us is missing a transcript of the proceeding during which Appellant pled guilty. As previously mentioned, the January 31, 2023 transcript included in the record before us concludes with Appellant expressing his intent to go to trial. Although the record confirms that Appellant ultimately pled guilty that day, the record is missing any transcript of that proceeding, and the Cambria County Court of Common Pleas has informed this Court that no additional transcript from that date exists.

This Court has explained:

> The burden of obtaining transcripts from the proceedings falls squarely on the appellant. Pa.R.A.P. 1911(a). When the unusual situation arises where there is no transcript for a particular day available, Pennsylvania Rule of Appellate Procedure 1923 provides:
>
>> If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including his recollection. The statement shall be served on the appellee, who may serve objections or propose amendments thereto within ten days after service. Thereupon the statement and any objections or proposed amendments shall be submitted to the lower court for settlement and approval and as settled and approved shall be included by the clerk of the lower court in the record on appeal.
>
> Pa.R.A.P. 1923. **See Commonwealth v. McCardle**, [667 A.2d 751, 752 (Pa.Super. 1995)] (holding where notes of testimony cannot be located or do not exist, it is incumbent upon the defendant to file a statement in the absence of a transcript).

- 11 -

*Commonwealth v. Harvey*, 32 A.3d 717, 721 (Pa.Super. 2011), *appeal denied*, 614 Pa. 701, 37 A.3d 1194 (2012).

Instantly, Appellant did not avail himself of the opportunity to file a statement in the absence of a transcript as provided in Rule 1923. Under these circumstances, we deem Appellant's issue on appeal waived. *See Commonwealth v. Gethers*, No. 465 EDA 2023 (Pa.Super. Mar. 14, 2024) (unpublished memorandum)[4] (holding that appellant waived appellate issues where appellant took no action to ensure relevant transcript was transmitted with certified record or availed himself of remedy provided in Rule 1923; appellant was aware of significance of this transcript but failed to act; our review is hampered by absence of relevant transcript). *See also Commonwealth v. Harlan*, 2018 A.3d 497, 501 (Pa.Super. 2019) (stating: "Our law is unequivocal that the responsibility rests upon the appellant to ensure that the record certified on appeal is complete in the sense that it contains all of the materials necessary for the reviewing court to perform its duty"); *Commonwealth v. Steward*, 775 A.2d 819 (Pa.Super. 2001), *appeal denied*, 568 Pa. 617, 792 A.2d 1253 (2001) (holding appellant waived issue on appeal where he made no attempt to reconstruct equivalent record of trial proceedings pursuant to Rule 1923). Accordingly, we affirm.

Judgment of sentence affirmed.

---

[4] *See* Pa.R.A.P. 126(b) (stating we may rely on unpublished decisions of this Court filed after May 1, 2019 for their persuasive value).

Judge Lane joins this memorandum.

Judge Olson concurs in the result.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 05/07/2024