J-S46044-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY WENDELL BROWN | : | |
| | : | |
| Appellant | : | No. 923 WDA 2024 |

Appeal from the Judgment of Sentence Entered February 26, 2024
In the Court of Common Pleas of Jefferson County Criminal Division at
No(s): CP-33-CR-0000034-2023

BEFORE: BOWES, J., NICHOLS, J., and KING, J.

MEMORANDUM BY KING, J.: **FILED: April 28, 2026**

Appellant, Anthony Wendell Brown, appeals from the judgment of sentence entered in the Jefferson County Court of Common Pleas, following his jury trial convictions for dissemination of sexually explicit material to minors and corruption of minors.[1] We remand for further proceedings.

Based on our disposition, a detailed recitation of the facts of this case are not necessary. Briefly, on January 16, 2024, a jury convicted Appellant of one count of dissemination of sexually explicit material to minors and one count of corruption of minors. On February 26, 2024, the court sentenced Appellant to an aggregate term of 4 to 10 years' imprisonment. Appellant filed a timely post-sentence motion, which the trial court denied on June 18, 2024.

---

[1] 18 Pa.C.S.A. §§ 5903(c) and 6301(a)(1), respectively.

On July 10, 2024, Appellant filed a *pro se* single notice of appeal listing both docket No. 34-2023 (relevant to the current appeal) and docket No. 261-2023 (unrelated to the current appeal). Thereafter, the trial court issued a Rule 1925(b) order to be filed at both docket numbers listed in the notice of appeal. On July 30, 2024, the trial court issued an order, filed at both dockets, indicating that the court reporter shall "prepare the transcripts regarding each case, file the original" and provide copies to the district attorney's office and Appellant. (Trial Court Order, 7/30/24).

On July 31, 2024, Appellant filed a *pro se* request to extend the time to file and serve his concise statement, asserting that he needed the transcripts. The trial court subsequently issued an order at both dockets granting Appellant's request for an extension of time until 30 days after the mailing of transcripts.

On August 16, 2024, Appellant filed a request to proceed *pro se* with this Court. This Court remanded for a **Grazier**[2] hearing, which the court conducted. On September 20, 2024, the trial court entered an order granting Appellant's request to proceed *pro se* and explaining that Appellant shall have 21 days from the date of receipt of the last transcript to file his Rule 1925(b) statement. On October 9, 2024, this Court directed Appellant to file separate notices of appeal at each docket. Appellant did so, and this Court docketed

---

[2] **Commonwealth v. Grazier**, 552 Pa. 9, 713 A.2d 81 (1998).

the appeal related to docket No. 261-2023 at 1363 WDA 2024 and docketed the appeal related to No. 34-2023 at 923 WDA 2024. This Court consolidated the appeals *sua sponte* on November 8, 2024.

On October 15, 2024, the trial court entered an order at both dockets directing the court reporter to "prepare transcripts of everything that has been transcribed during the case in the court of common pleas." (Trial Court Order, 10/15/24). By order dated November 25, 2024 and filed on December 6, 2024, the trial court issued an order explaining that Appellant had received all requested transcripts and had 21 days from that date to file his concise statement. Appellant filed a letter response to the court explaining that he was not in possession of any of "the court transcripts of the 34 of 2023 case." (Letter, filed 12/16/24). Nevertheless, on January 2, 2025, the trial court issued a supplemental opinion in this case explaining that Appellant's Rule 1925(b) statement raised issues that he previously raised in his earlier concise statement and therefore it would not be issuing a supplemental Rule 1925(a) opinion.[3] Notably, the trial court made no mention of Appellant's request for transcripts.

Meanwhile, Appellant filed various applications for relief in this Court

---

[3] On December 30, 2024, Appellant filed both a "Statement of Errors" and a "Supplemental Statement of Errors" in addition to the "Statement of Errors Complained of on Appeal" he had previously filed on October 28, 2024. All three filings were at docket No. 261-2023 and only addressed issues in that case.

seeking a **complete** set of transcripts at both underlying dockets: a "Petition to Compel," docketed December 26, 2024, a filing titled "Supporting Evidence of the Claim," docketed January 7, 2025, a "Motion for Transcripts," docketed January 16, 2025, and a "Petition for Transcripts with Additional Information," docketed January 22, 2025.

On January 16, 2025, Appellant filed another motion for transcripts in the trial court asserting that he had not received a single page of transcripts and explaining that he could not file a statement of errors complained of on appeal. (Motion, 1/16/25).

On January 24, 2025, this Court denied Appellant's various applications for relief filed in this Court. In doing so, this Court stated, "it appears that on December 6, 2024, the trial court issued orders at both trial court dockets informing Appellant that he had received all requested transcripts." (Order, filed 1/24/25, at 1). Thus, this Court denied relief based on the trial court's representation that all transcripts had been sent to Appellant.

On February 27, 2025, the jury selection transcript was filed. No further action was taken by the trial court concerning Appellant's requests for other transcripts from this case.

On August 15, 2025, the Commonwealth filed a petition requesting that the court separate the appeals at 1363 WDA 2024 and 923 WDA 2024 and filed a motion to quash the instant appeal. On September 25, 2025, this Court granted the Commonwealth's motion to vacate the consolidation order, denied

the Commonwealth's motion to quash, and directed Appellant to file a brief in this case.[4]

On appeal, Appellant raises the following issues for review:

1) Did the [c]ourt err by trying a case in which the charges were withdrawn?

2) Was Appellant denied his 6th Amendment Right under the U.S. Constitution and Article 1, § 9 of the PA Constitution to effective counsel?

3) Did the [c]ourt err by instructing the jury to find the Appellant guilty on the two (2) charges?

4) Did the [c]ourt err for not striking jurors for cause and denying Appellant his right to due process and a fair trial?

5) Was the verdict against the weight of the evidence?

(Appellant's Brief at vii).

Initially, we note that the absence of the complete set of trial transcripts from January 8, 2024 through January 16, 2024 impedes our ability to review Appellant's claims. Pennsylvania Rule of Appellate Procedure 1911(a) mandates that an "appellant shall request any transcript required under this chapter in the manner and make any necessary payment." Pa.R.A.P. 1911(a). Indeed, as this Court has recognized, "Pa.R.A.P.1911 makes it abundantly plain that it is the responsibility of the Appellant to order all transcripts

_____

[4] Appellant's first brief filed at the underlying docket in this case contained only issues related to docket No. 261-2023. However, after this Court vacated its consolidation order, Appellant filed a supplemental brief in this case on October 31, 2025, which sets forth the issues raised in this appeal. All references to "Appellant's Brief" concern the October 2025 brief.

necessary to the disposition of his appeal." ***Commonwealth v. Steward***, 775 A.2d 819, 833 (Pa.Super. 2001), *appeal denied*, 568 Pa. 617, 792 A.2d 1253 (2001). If an appellant fails to request and pay for the preparation of the transcript, this Court "may take such action as it deems appropriate, which may include dismissal of the appeal." Pa.R.A.P. 1911(d).

Here, Appellant requested the transcripts from his trial on numerous occasions, and the trial court granted his request. (***See*** Trial Court Orders, 7/30/24; Trial Court Order, 10/15/24). Although all transcripts were provided for Appellant's case at docket No. 261-2023, the certified record in this case contains only the transcripts of the January 8, 2024 jury selection, February 26, 2025 sentencing, and June 18, 2024 post-sentence motion hearing.[5] Appellant's continued requests for the full transcripts from this case were unsuccessful. (***See*** Letter, filed 12/16/24; Motion, 1/16/25).

_____

[5] The trial court appears to have been under the false impression that the full transcripts were provided in this case as well. After numerous requests by Appellant for production of a complete set of transcripts, it was incumbent upon the trial court to examine the record closely to ensure that the transcripts were complete. Indeed, it is the affirmative obligation of the trial court to "supervise its personnel and assure that the court reporters perform their duties without delay." ***Commonwealth v. McCardle***, 667 A.2d 751, 753 (Pa.Super. 1995) (citing ***Commonwealth v. Morgan***, 469 Pa. 35, 38 n.2, 364 A.2d 891, 892 n.2 (1976)). This Court denied Appellant's various applications for relief based on an erroneous representation by the trial court, which has caused an inordinate delay in Appellant's ability to prosecute his appeal and our ability to conduct timely appellate review. We remind the trial court that Appellant has rights, which are dependent upon the proper administration of the justice system, and the prompt compliance by the trial court with its discrete responsibilities relevant thereto.

Based on the foregoing, we remand to the trial court for preparation and distribution of all trial transcripts concerning this case. Upon receipt of the transcripts, Appellant shall have 21 days thereafter to file a Rule 1925(b) statement in the trial court.[6] The trial court shall have 30 days from receipt of Appellant's Rule 1925(b) statement to issue a supplemental opinion addressing the issues raised therein. Accordingly, we remand for further proceedings.

Case remanded for further proceedings. Panel jurisdiction is retained.

---

[6] We recognize that Appellant had previously failed to submit a concise statement as ordered by the trial court concerning the relevant underlying docket. However, because the court's orders directed that Appellant file his concise statement within 21 days of receipt of the transcripts, which Appellant has still yet to receive, Appellant did not waive his issues on appeal for failing to submit a concise statement in this case.